In the Matter of NIAGARA FRONTIER CO-OPERATIVE MILK PRODUCERS BARGAINING AGENCY, INC., et al., Individually and on Behalf of All Other Co-operative Associations and Milk Producers Similarly Situated, Appellants, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.

In the Matter of ROCHESTER CO-OPERATIVE MILK PRODUCERS BARGAINING AGENCY, INC., et al., Individually and on Behalf of All Other Co-operative Associations and Milk Producers Similarly Situated, Appellants, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.

Argued May 26, 1947; decided July 2, 1947.

*Raymond F. Allen, T. Carl Nixon* and *Hampton H. Halsey* for petitioners-appellants. I. A quality differential is one based upon the inherent constituents of milk, that is, butter fat content. Cost of production and marketability are not factors upon which a quality differential may properly be based. (*Chittenden Lumber Co.* v. *Silberblatt & Lasker, Inc.*, 288 N. Y. 396;

*Woollcott* v. *Shubert,* 217 N. Y. 212; *New York Trust Co.* v. *Eisner,* 256 U. S. 345; *Lightbody* v. *Russell,* 293 N. Y. 492; *Matter of McNerney* v. *City of Geneva,* 290 N. Y. 505; *Matter of Russell,* 294 N. Y. 99; *Matter of Weiden,* 263 N. Y. 107; *New York State Guernsey Breeders Co-op.* v. *Wickard,* 141 F. 2d 805; *Hegeman Farms Corp.* v. *Baldwin,* 293 U. S. 163; *Matter of Morgan* v. *Noyes,* 264 App. Div. 823, 290 N. Y. 737.) II. There are no findings of fact to support the order reviewed. (*Matter of New York State Guernsey Breeders Co-op.* v. *Noyes,* 284 N. Y. 197.) III. The facts found by the former commissioner and reaffirmed by the present commissioner are supported by substantial evidence, and a denial of a differential was proper. The Court of Appeals should direct the commissioner to annul the present order and reinstate the former determination denying the differential. (*Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459; *Matter of Bergman* v. *Mergenthaler Linotype Co.,* 294 N. Y. 204; *Matter of Dusinberre* v. *Noyes,* 284 N. Y. 304; *Matter of New York State Guernsey Breeders Co-op.* v. *Wickard,* 141 F. 2d 805; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 682; *United States* v. *Ruzicka,* 329 U. S. 287; *Messersmith* v. *American Fidelity Co.,* 232 N. Y. 161; *Matter of Nash* v. *Brooks,* 276 N. Y. 75; *Matter of Cole,* 235 N. Y. 48; *Swayne & Hoyt* v. *United States,* 300 U. S. 297; *Bullock* v. *Cooley,* 225 N. Y. 566; *Sioux Tribe of Indians* v. *United States,* 316 U. S. 317.)

*Rowland L. Davis* for Holstein-Friesian Association of America, *amicus curiæ,* in support of appellants' position. The order of the commissioner is illegal and void. (*Matter of Dusinberre* v. *Noyes,* 284 N. Y. 304; *People ex rel. Jung* v. *Exam. Board of Plumbers,* 252 App. Div. 830; *New York State Guernsey Breeders Co-op.* v. *Wickard,* 141 F. 2d 805; *Tagg Bros.* v. *United States,* 280 U. S. 420.)

*Robert G. Blabey* and *Donald L. Brush* for C. Chester Du Mond, as Commissioner of Agriculture and Markets of the State of New York, respondent. I. The hazards of fair competition do not authorize or justify the Guernsey differential. (*Hegeman Farms Corp.* v. *Baldwin,* 293 U. S. 163.) II. The determination of the former commissioner is supported by sufficient proof. The weight of the evidence is not against it and its reasonableness is satisfied upon the whole record. (*Matter of*

*Dusinberre* v. *Noyes,* 284 N. Y. 304.) III. Petitioners were not aggrieved until the present commissioner's decision. The instant cases presented their first opportunity for their day in court. (*Dunn & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *New York Foreign Trade Zone Operators. Inc.,* v. *State Liquor Authority,* 285 N. Y. 272.)

*Irving G. Hubbs* and *Merritt A. Switzer* for New York State Guernsey Breeders Co-operative, Inc., respondent. I. Appellants are not proper parties to the proceeding and have no right to review the determination of the commissioner under article 78 of the Civil Practice Act, or to appeal to the Appellate Division or to this court, and their appeal should be dismissed. (*Matter of Mount Hope Development Corp.* v. *James,* 233 App. Div. 284; *Matter of Goldstein* v. *State Commissioner of Correction,* 182 Misc. 695; *People ex rel. Burnham* v. *Jones,* 110 N. Y. 509; *Matter of Dolphin,* 240 N. Y. 89.) II. The intermediate orders of the Appellate Division are not reviewable on this appeal under section 580 of the Civil Practice Act, although specified in the notice of appeal. (*People ex rel. Burnham* v. *Jones,* 110 N. Y. 509; *Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 589; *Matter of Epstein* v. *Board of Regents,* 295 N. Y. 154; *Matter of Robitzek Investing Co.* v. *Murdock,* 296 N. Y. 632; *Matter of Budlong,* 126 N. Y. 423; *Matter of City of New York,* 265 N. Y. 170; *Kade v. Sanitary Fireproofing and Contracting Co.,* 257 N. Y. 203; *Matter of Begent* v. *Noyes,* 284 N. Y. 229; *Matter of Colonial Liquor Distributors* v. *O'Connell,* 295 N. Y. 129; *Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459.) III. Petitioners are bound by the rules of *stare decisis* and *res judicata.* While all the petitioners were not formal parties to the previous proceedings, some filed briefs *amicus curiæ* and they were all represented by the commissioner and are as firmly bound by the decisions against him as they would have been if they had been formal parties. (*Matter of Guernsey Breeders Co-op.* v. *Noyes,* 284 N. Y. 197; *Matter of Clark* v. *Smith,* 250 App. Div. 233; *Rowlee* v. *Durfey,* 227 App. Div. 219; *Brenner* v. *Title Guarantee & Trust Co.,* 276 N. Y. 230; *Ashton* v. *City of Rochester,* 133 N. Y. 187; *People's Gas & Electric Co.* v. *City of Oswego,* 207 App. Div. 134, 238 N. Y. 606; *McIntosh* v. *City of Pittsburgh,* 112 F. 705; *Montgomery* v. *Equitable Life Assur. Soc.,* 83 F. 2d

758; *House* v. *Lockwood,* 137 N. Y. 259; *Donahue* v. *New York Life Ins. Co.,* 259 N. Y. 98.) IV. A differential under the statute is based on quality. In determining the question of quality, the commissioner should consider the cost of production as an element. The word " quality " used in the statute does not mean butter fat alone. (*Matter of Guernsey Breeders Co-op.* v. *Noyes,* 284 N. Y. 197; *Heiman* v. *Bishop,* 272 N. Y. 83.) V. The findings of fact are sufficient to support the order of the commissioner here for review, even if findings were required; in fact no findings were required, as the decision was in favor of respondent. (*Gibson* v. *Stetzer,* 3 Hun 539; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488; *Matter of Cole* v. *Lyboldt,* 296 N. Y. 659.) VI. The order is not void because of the statement of the commissioner embodied therein to the effect that he made the order in compliance with the decision and order of the Appellate Division. (*Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 589; *Matter of Robitzek Investing Co.* v. *Murdock,* 296 N. Y. 632; *Matter of Clark* v. *Smith,* 250 App. Div. 233; *Cambron* v. *State,* 191 Ind. 431, 19 A. L. R. 623.)

*Per Curiam.* The petitioners, having appeared and opposed the order sought to be reviewed, were entitled to prosecute a proceeding under article 78 of the Civil Practice Act to review the commissioner's determination as parties to the record before the commissioner whose property and rights were immediately and directly involved. The order was invalid upon its face, the commissioner having recited that he signed it without finding or determining the facts upon which his official act was predicated, and only because of a belief, quite obviously mistaken, that he had been directed so to do by the Appellate Division. The statute, subdivision 6 of section 258-m of the Agriculture and Markets Law, provides for an equalization of prices " so that each producer or co-operative association shall receive the same base price for all milk delivered subject to reasonable differentials for quality and location and for services." In the instant case the only questions presented relate to quality. The testimony established with little if any question that there is an intrinsic characteristic in Guernsey milk which distinguishes it from other milk. The intrinsic difference may or may not justify a " reasonable differential ". In determining what is reasonable

under all the circumstances the commissioner exercises a wide discretion but is to be guided by the fundamental purpose of the statute of establishing in a great market fair and equitable equalization of prices. The Legislature has quite deliberately refrained from prescribing rigid rules to control the exercise of this broad discretion, and in *Matter of New York State Guernsey Breeders Co-op., Inc., v. Noyes* (284 N. Y. 197), we did not intend to bind this discretion by mandatory prescriptions regarding the commissioner's process of decision but in that case found it necessary to remit the matter to the commissioner because of his failure to make findings upon which he predicated his conclusion that a differential should not be granted. Without such findings the courts would be unable to determine whether or not the statutory mandate had been carried out.

It may be that confusion has resulted from the statement in the opinion in *Matter of New York State Guernsey Breeders Co-op., Inc., v. Noyes* (284 N. Y. 197, 203, *supra*), that the commissioner has " power to grant a differential where it is shown that there exists a distinct difference in production cost, quality or marketability of milk of one breed of cows from that of other breeds ". The correctness of that statement cannot be questioned but it does not mean that every such difference in production cost necessarily imposes a statutory duty upon the commissioner to grant a differential. On the contrary, that circumstance is but one of many elements to be considered in fairly and justly determining the equalization price and differential with reference to quality, location and service. It is enough to say at this time that the case is remitted to the commissioner with directions to find and state the conclusions of fact upon which he predicates whatever determination he may make upon a reconsideration of the testimony already taken and such other testimony as the parties may adduce.

The orders of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to the commissioner for further proceedings in accordance with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

**Orders reversed, etc.**