JANET K. ROURKE, by THOMAS W. ROURKE, Her Guardian ad Litem, Respondent, v. NORMAN J. FRANCIS et al., Appellants. THOMAS W. ROURKE, Respondent, v. NORMAN J. FRANCIS et al., Appellants.— Appeal from an order to set aside a verdict in favor of plaintiff, Janet K. Rourke, in a negligence action, for inadequacy, and an order granting a new trial. The court was justified in setting aside the verdict for inadequacy. Order affirmed, with costs to the appellant to abide the event. Appeal from an order in favor of Thomas W. Rourke, father of the infant, Janet K. Rourke, setting aside a verdict of $518 awarded him for medical expenses and loss of services. The jury brought in a verdict in accordance with the charge of the court and no exception was taken. Order granting a new trial reversed, on the law and facts, and the verdict of $518 in favor of the father, Thomas W. Rourke, and against the appellants, reinstated. Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ., concur.

In the Matter of JOHN I. DE KORTE, Doing Business as MILANVILLE DAIRY, Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Motion for an order resettling the order of this court entered in the office of the clerk on January 9, 1948, which annulled a determination of the commissioner on the law and facts, so as to include therein and set forth a determination by this court that the granting of a license to petitioner would not tend to a destructive competition in a market already adequately served and would be in the public interest and directing the commissioner to issue a license to petitioner. Motion granted. This court finds that the granting of the license to the petitioner would not tend to a destructive competition in a market already adequately served and the commissioner is directed to issue the license prayed for. Cross motion to remit the matter to the commissioner denied. Hill, P. J., Heffernan, Russell and Deyo, JJ., concur; Brewster, J., dissents, upon the ground that the matter of whether the license relator applied for would result in ruinous competition in a market already served, formed no part of the determination which, upon the former review, we annulled. It was only the determination made by the commissioner which we had power to review (Civ. Prac. Act, § 1296, subds. 6, 7). In such a review we may not adjudge initially and make findings upon evidence not passed upon by the commissioner. To do so is a usurpation of his power and functions. (*Matter of Niagara Milk Prod. Agency* v. *Du Mond*, 297 N. Y. 75; *Matter of Elite Dairy Prod.* v. *Ten Eyck*, 271 N. Y. 488.) [See 273 App. Div. 188.]