WHITFORD H. SWEET *vs.* PHINEAS A. CONLEY, Surveyor of Highways.

PROVIDENCE—FEBRUARY 2, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

One whose estate, abutting on a highway, is injured by an unauthorized change of the grade of such highway, caused or done by the town council or surveyor of highways, is not entitled to a writ of mandamus to have the former grade restored.

Before the grant of a writ of mandamus it must clearly appear that the relator is entitled to that which he seeks to have done, and that it is the duty of the respondent to do it; if the right be doubtful, the writ will be refused.

Nor will this form of remedy lie to undo what ought not to have been done.

If one has a remedy at law for the wrong complained of, the extraordinary and summary proceeding by mandamus will not be entertained.

A surveyor of highways is merely a ministerial officer of the town council, subject to their direction and control, with no authority to incur any indebtedness against the town, except in emergencies provided for by statute, and is clothed with very limited and well-defined powers and duties.

He has no power to change the established or actual grade of a highway, except in so far as such change may be necessary to make the highway safe and convenient for travelers.

A public officer who has no power to do a specified act is not chargeable with the duty of performing it.

To wrongfully cause the surface water of a street to collect and remain in front of one's premises and cause him damage is a nuisance; and, although it may be a public nuisance, yet, if he suffer peculiar and special damage therefrom, he may maintain a private action to recover the same.

PETITON for writ of mandamus.

TILLINGHAST, J.   The relator sets out, in substance, that he is the owner of certain real estate, situate on Cranston street in the town of Cranston; that on the 27th of November, 1886, the town council of said town, in accordance with the provisions of the statute in such case made and provided, established a grade for said street from the Pocasset bridge northerly for a considerable portion of said street; that said grade was uniform, the lowest point in which was at said bridge, and rising therefrom passed the real estate of the relator at a uniform rise, so that the surface water flowed down said street past his estate.   He further sets out that after the establishment of said grade said street was altered and widened and a new bridge built across Pocasset brook, and that the respondent Phineas Conley, surveyor of highways of said town, acting under the orders of the town council, proceeded to make said street, so altered and widened as aforesaid, safe and passable as a highway; that, in so doing, said surveyor was in duty bound either to work said street to the established grade or at least do nothing inconsistent with such grade; but that said surveyor, unmindful of his duty, has not only not brought said street to the established grade, but has raised the surface thereof at or near said bridge above the grade, by reason whereof the surface water, which formerly passed freely beyond and southerly from relator's premises into said brook, is obstructed and ponded in said street in front of his estate, whereby he suffers damage.   He therefore prays that a writ of mandamus may issue to said Conley, surveyor of highways, to compel him to remove the obstruction so placed by him southerly from relator's premises and either bring the surface of the street to the established grade or else restore the street to the condition it was in at the time of the establishing of the grade as aforesaid.

The respondent demurs to the alternative writ which has been issued, on the grounds: (1) That there is no allegation that, for any damage sustained, the relator has not his ordinary remedy at law; (2) that there is no allegation in what

his damage consists; (3) that there is no allegation of what the grade should be, or how much above, if any, it has been raised; (4) that there is no allegation of demand and refusal; and (5) that the respondent is under and subject to the direction of the town council or a committee of it, and has no authority to expend money on any highway without the approval of said council or committee, except on occasions as required by the statutes, and there is no allegation of such occasion; and that he has no authority to make, alter, or change a grade.

We think the demurrer should be sustained.

In order to grant the extraordinary relief prayed for it must clearly appear, not only that the relator is entitled to have said street restored to its original condition so far as the grade is concerned, but also that it is the duty of the respondent to thus restore it by undoing what he has done under the direction of his superior, the town council of said town. In other words, he must show a clear legal right to have the thing done which he asks for, and if the right be doubtful the writ will be refused. It is certainly very doubtful, to say the least, whether the relator in any event is entitled to have said street restored to its former condition. For, even admitting that a change has been made in the grade thereof without pursuing the statutory method, yet it does not necessarily follow that the relator is entitled to have the former grade restored; and we have not been referred to any case, nor are we aware of any, where it has been decided that such a right exists. But, even conceding that it does, is it clearly the duty of the respondent, who is the surveyor of highways of said town, to either restore said street to its actual grade as it existed before said change or else to work it to the grade as established of record? We think not. A surveyor of highways is merely a ministerial officer of the town council, subject to their direction and control, with no authority to incur any indebtedness against the town, except, perhaps, in case of emergency such as the removal of snow or other obstruction from the highways, and is clothed with very limited and well defined powers and

duties. *Mathewson* v. *Hawkins*, 19 R. I. 16. See also *State* v. *White*, 16 R. I. 591. He has no power to change the established grade of a highway, nor has he any power to change the actual grade thereof, whether this be the record grade or not, except in so far as such change may be necessary to make the same safe and convenient for travelers. And having no power to make any such change, it necessarily follows that no duty rests upon him in this regard. This being so, then, can this court properly command the respondent to take up said bridge and dig down the approaches thereto, so as either to reduce the surface of the street in question to its original grade or else to reconstruct it in accordance with the record grade thereof, as prayed for in the petition? In other words, can the court order the respondent, at his own expense (for it is clear that it cannot be ordered at the expense of the town, *Smart* v. *Johnson*, 17 R. I. 778), to undo what he has done by direction of the town council and then proceed to do it over again in some other way? We think not. Suppose such a change should cost one thousand or even five thousand dollars, and suppose also that by reason of financial inability it should be impossible for the respondent to raise the money; how could the court compel the performance of such an order? Still further, can this court by mandamus take from the town council of said town their statutory power over highways and highway surveyors and command the alteration of a street in a given way? These are certainly pertinent and practical questions in connection with the relief which is sought, and they show that very serious if not insuperable difficulties might and probably would be encountered in attempting to proceed by mandamus for the redress of the grievances complained of, even if the court should find that this form of action could be maintained. Nor do we see that the fact, for such it appears to be from the relation, that both the respondent and the town council acted without authority of law in raising the surface of said street above the established grade thereof makes any difference to the questions before us. In other words, the mere fact that the town council had no authority to order

the respondent to raise said grade, and also that the respondent had no right to comply with such order, does not give to the relator the right to redress in this form of action. On the contrary, the facts alleged would seem to show quite clearly that the relator has an adequate legal remedy for the damages sustained. To wrongfully and illegally cause the surface water of a street to collect and remain in front of one's premises, so as to materially injure and damage him in the use and enjoyment thereof, is a nuisance, and although, being in a highway, it may be a public nuisance, yet if one suffers peculiar and special damage therefrom we see no reason why he may not maintain a private action to recover the same. And where this is so the extraordinary and summary proceeding by mandamus will not be entertained. As said by Greene, C. J., in *Wilkinson* v. *Bank*, 3 R. I. 22, in speaking of this form of action : " The proof is taken by *ex parte* affidavits, and the facts must be tried by the court and not by a jury. The law, therefore, wisely restricts its application as a remedy to enforce mere private rights of property to cases where the applicant has no adequate remedy by action in the due course of the common law." See also *Simmons* v. *Davis*, 18 R. I. 46 ; *Foster* v. *Angell*, 19 R. I. 285 ; 2 Spelling Extraordinary Relief, § 1374 and cases cited.

Moreover, it has frequently been held that this form of action will not lie to undo what ought not to have been done. Thus in *Ex parte Nash*, 15 Q. B. 92, Lord Campbell, C. J., said : " The writ of mandamus is most beneficial ; but we must keep its operation within legal bounds, and not grant it at the fancy of all mankind. We grant it when that has not been done which a statute orders to be done ; but not for the purpose of undoing what has been done."

To the same effect is the able opinion of Chancellor East, in *White's Creek Turnpike Co.* v. *Marshall*, 49 Tenn. (2 Baxter) 121 *et seq.* See also Merrill on Mandamus, § 42.

Other good reasons why the writ should not be granted in this case are suggested by the demurrer, but as we deem those already given as quite sufficient we need not consider them.

The demurrer is sustained, and the proceeding quashed with costs.

*Edward D. Bassett and Edward L. Mitchell*, for petitioner.
*John Palmer*, for respondent.