### DUNCAN R. MACDONALD *vs.* JOHN H. BARR.

MAY 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   The case is here on exceptions to a decision of the Superior Court granting a motion to permit an officer to amend his return on an execution which was returnable July 14, 1927, but which appears on the record to have been

returned July 9, 1927. The action is in trespass to recover damages for personal injuries.

The defendant was arrested on the original writ and was released on bail furnished by Patrick F. Mee. The case was tried in the Superior Court and the jury returned a verdict in favor of the plaintiff and awarded the sum of $1200 as damages. After judgment was entered, execution issued and was given to a deputy sheriff to serve. The deputy sheriff being unable to find either property or body of defendant made a return *non est inventus*.

In *scire facias* proceedings against the estate of bail, who has deceased, it appeared that the execution in the present case was prematurely returned and in consequence the bail was discharged. *McAuliffe* v. *Lynch*, 17 R. I. 410. The trial justice refused to permit the deputy sheriff to give oral testimony as to his return but passed the case to afford the plaintiff an opportunity to move in the principal case that the deputy sheriff be allowed to amend his return to conform to the truth as to the time of making the same.

At the hearing on the motion for leave to amend, the deputy sheriff testified that he continued to search for the defendant up to and including the return day of the execution and that the date of July 9th appearing on his return was an error; that he kept memoranda of the writs that he served and that his testimony as to the actual date of his return was based on an item in this memoranda referring to this particular case. Counsel for plaintiff stated that he obtained the execution from the deputy sheriff sometime after the return day and personally filed it with the clerk of the court. The general rule is that an amendment to an officer's return will be allowed by the court when convinced that the amendment is according to the fact and that no intervening right of third parties will be prejudiced by the amendment. The right to allow amendment to its records is inherent in the court. These records are conclusive evidence of the facts therein recorded and it is the duty of the court to see that the records conform to the actual facts.

*Wilcox* v. *Emerson*, 11 R. I. 501; *Foster* v. *Berry*, 14 R. I. 601; *Lake, Petr.*, 15 R. I. 628. It lies largely in the discretion of the court having custody of the record to permit an amendment thereto. More than three years have elapsed since the making of the original return. This fact calls for careful scrutiny of the evidence but the court will not refuse to permit an amendment for this reason alone if convinced that the proposed amendment is according to fact notwithstanding the difficulty of producing said evidence of the untruth of the original return after such lapse of time.

3 Freeman on Executions, ¶358.

After a careful examination of the evidence offered in support of this amendment we cannot say that the court below abused its discretion in granting said motion.

The defendant in the *scire facias* proceedings contends that the amendment should not be permitted because it is prejudicial to his rights as a third party. He has no right which has intervened since the original return. The liability which he assumed when he furnished bail for the defendant is precisely the same now as it was then. He has no right to have an erroneous return remain on the records of the court as a true return in order that he may benefit thereby.

The defendant's exception is overruled and the case is remitted to the Superior Court.

*James H. Rickard*, for plaintiff.

*John J. Mee*, for defendant.