SUN OIL COMPANY *et al. vs.* HERBERT E. MACAULEY *et al.*

NOVEMBER 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This petition for a writ of mandamus was brought in the superior court to require the respondents, in their capacities as municipal officers of the city of Newport, to grant to the petitioners a permit to construct a certain driveway on and over the easterly sidewalk of Broadway, a public highway in that city.   The case is before this court upon the appeal of the petitioners from a decision of the superior court granting the respondents' motion to dismiss the petition.

The following statements summarize briefly the material allegations made and relied upon in the petition. The respondents are the mayor and certain officers of said city, as they constitute the board of aldermen, and also another officer in his capacity as commissioner of public works.   Petitioner Victor H. Elder is the owner of a certain parcel of land, the greater portion thereof being situated in the town of Middletown and the smaller portion being situated in the city of Newport, both in the state of Rhode Island.   The portion of land in Newport was located in a residential area wherein a gasoline station and incidental commercial uses were not permitted under existing zoning regulations.

Petitioner Sun Oil Company planned to construct a gasoline station on the portion of land in Middletown.   It also

applied to the zoning board of review in Newport, hereinafter called the zoning board, for a modification in the zoning regulations "for permission to build and maintain an approach to a gasoline station" in accordance with a certain plan, which showed a curb cut and a proposed cement driveway, 30 feet wide, on and over the easterly sidewalk of Broadway, a public highway. According to the instant petition the zoning board, after notice and a hearing thereon, "rendered a decision granting the application" subject, however, to certain conditions; and that application and the board's decision granting it "necessarily includes and implies the ordinary, usual and incidental use of said premises as described in said petition and decision and as delineated on said plat as a means of ingress and egress to and from said premises and to said gasoline station".

Thereafter, on December 15, 1945, the Sun Oil Company filed with the commissioner of public works an application requesting permission to install a driveway precisely as shown on the plan filed with that application. Such plan was the same as the one set forth in the application to and the decision of the zoning board. On January 21, 1946, the owner of the land in question filed a statement in which he joined in the Sun Oil Company's application to the commissioner of public works for such particular driveway. This application had been filed in accordance with "An Ordinance in Amendment of Chapter 12-13 Ordinances of the City of Newport, Revision of 1945, Entitled 'Streets and Highways' ", providing, among other things, for certain procedures to be taken by applicants requesting a driveway on or over a sidewalk in a public highway and for certain pertinent duties to be performed by the commissioner of public works and the board of aldermen.

That application was denied by the commissioner of public works; and the petitioners, in accordance with the provisions of said ordinance, duly claimed an appeal therefrom to the board of aldermen. Subsequently, after notice and hearing by that body, a decision was rendered affirming the de-

cision of such commissioner and refusing the permit as requested. The petitioners then brought the instant petition in the superior court for a writ of mandamus as above stated, to which the respondents filed a motion to dismiss and also an answer.

In that court a hearing was held on the respondents' motion to dismiss the petition and thereupon the trial justice rendered a decision granting such motion and dismissing the petition. The petitioners duly filed their claim of appeal therefrom to this court on the grounds that the decision of the trial justice was against the law and against the law and the evidence; and further that the ordinance under which the petitioners' application had been denied by the commissioner of public works and by the board of aldermen was in violation of certain provisions of article XIV of the amendments to the constitution of the United States.

The trial justice apparently took the view that the petition for mandamus was based substantially on a right, allegedly granted by the zoning board, to use the land and the abutting sidewalk for commercial purposes and for a driveway in accordance with the plan that was filed with the application and was incorporated in that board's decision; but that such board was without jurisdiction to grant any permits to so use a public highway, the control and regulation thereof being expressly given by ordinance to the board of aldermen. The petitioners argue that this is a misconception of their petition. They concede that the zoning board could not lawfully grant any rights in or over the highway or regulate its use; but they assert that they applied to the zoning board for and received only a modification of the zoning regulations relating to the use of the Newport parcel of land abutting on the highway.

They contend that, having once been given special permission to use that land for commercial purposes as previously indicated, they then had an "absolute" right to have the curb cut and the use of the sidewalk for vehicles going to and from the land in order to serve the proposed gasoline

station. They further state that the motion to dismiss should be considered as in the nature of a demurrer which admitted all the material allegations in the petition; and that, if so regarded, the trial justice's decision was clearly erroneous as a matter of law. Finally they argue that so far as the ordinance purported to grant authority to the respondents to prohibit all access to this land rather than to regulate such a curb cut and driveway, it was contrary to certain provisions of art. XIV of the amendments to the constitution of the United States.

In our opinion the petition, if read as a whole, is fairly open to an interpretation that the right to a particular curb cut and use of the sidewalk as shown on the plan was essentially included in the application to, and the purported decision of, the zoning board. This was apparently the interpretation of the petition as made by the trial justice. If so interpreted, the granting of the motion to dismiss for jurisdictional defects appearing on the face of the petition was proper. Assuming, however, that the only fair interpretation of the petition is the one suggested by petitioners, and also that the motion to dismiss should be treated as a demurrer, as they contend, we are of the opinion that for other reasons the decision should not be disturbed.

This is a petition for the issuance of an extraordinary writ. It is generally well established that a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law. It is not generally used to establish such a right and it is usually denied where such an alleged right is either uncertain or doubtful. These general propositions seem to have been recognized by this court in discussions of the nature and purpose of the writ. See *Sweet* v. *Conley,* 20 R. I. 381; *Putnam Foundry & Machine Co.* v. *Town Council,* 28 R. I. 422; *Cornell Co.* v. *Barber,* 31 R. I. 358; *Roach* v. *Town Council,* 35 R. I. 363.

Being a petition for an extraordinary writ at common law, it was addressed in the first instance to the discretion of the court. The allegations of the petition, therefore, must be inspected to see whether the court abused its sound discretion in granting the respondents' motion. Such inspection shows that the petition was defective in at least two vital respects.

First, the petition does not show that the Sun Oil Company had any title or any clear legal interest in the land in question. The real owner did not join in the application for a modification of the zoning regulations nor did he otherwise appear before the zoning board to support the application filed by the Sun Oil Company. The petition here merely recites that the Sun Oil Company had entered into a certain written agreement to purchase the land from the petitioner Elder. That agreement, which by reference was incorporated in the petition, is a conditional one. It does not disclose that Sun Oil Company thereby acquired any title or clear legal interest in the land itself, so as to entitle it to apply in its own right to the zoning board for a modification or variation of the zoning regulations. See *Dimitri* v. *Zoning Board of Review,* 61 R. I. 325.

The second defect is a failure to allege compliance with general laws 1938, chapter 342, §8. This enabling act of the general assembly provided for the right to create a zoning board of review and also provided certain jurisdictional limits within which such a board might lawfully exercise its authority in granting exceptions or variations from zoning regulations. Subsection c of §8 of that statute reads in part: "and the concurring vote of 4 members of the board shall be required to decide in favor of the applicant on any matter within the discretion of the board upon which it is required to pass under such ordinance or *to effect any variation* in the application of such ordinance." (italics ours)

Because of the special facts and circumstances upon which petitioners base their petition, it became necessary for them to allege, either expressly or by suitable reference, that the

variation from the terms of the ordinance applying to this land had been granted by the board lawfully, or in accordance with the pertinent statute. Unless that appeared, there would be lacking a jurisdictional fact necessary to the proper granting of any legal right to either petitioner to use the land for commercial purposes. But nowhere does the petition expressly allege that four members of the board concurred in a vote to grant such a variation; nor does it allege by any suitable words of reference that the decision of the zoning board was made lawfully or in accordance with such provisions.

The petition merely recited that the board "rendered a decision granting the application of the petitioner" and as evidence thereof referred to a letter, attached thereto, which letter was signed merely by the inspector of buildings. Such letter is not on the board's stationery and does not show that he was a member of the board or its official representative. Nor does it include any statement of the votes of the members or any minutes from the board's records whereby a court could properly conclude that such decision had been lawfully rendered by the concurrence of four members, as the statute provides. This defect alone would have justified the superior court in refusing, in the exercise of its sound discretion as to extraordinary writs, to allow the case to proceed further on the petition in its present form.

Finally the petitioners argue that the ordinance referred to in the petition is unconstitutional, so far as it purports to authorize the commissioner or board of aldermen to prohibit *all* access to the abutting land rather than to merely regulate such an approach. In our opinion that constitutional question is not necessarily and indispensably involved in a determination of the merits of the petition in its present form, and therefore it is not properly raised for our decision in these proceedings. The petition here was based on the petitioners' alleged right to have a particular curb cut and use of the sidewalk, in accordance with the plan that was filed with the commissioner of public works, for the purpose of serving

the proposed gasoline station. It does not appear that the petitioners applied for an ordinary driveway or lawful access to the abutting land, apart from the particular use as shown on the accompanying plan; nor does it appear that *all* reasonable and lawful access to that land was denied. The petition, brief and arguments of the petitioners make it clear to us that this petition is inseparably bound up with the petitioners' alleged right to have a particular curb cut and use of the sidewalk in accordance with the plan, rather than to have an ordinary driveway or approach to the abutting land. For the reasons stated it becomes unnecessary to further discuss in these proceedings certain of the other arguments advanced by the respondents and by the petitioners.

The appeal of the petitioners is denied, the judgment appealed from is affirmed, and the case is remitted to the superior court.

*Sheffield & Harvey, W. Ward Harvey, Gabriel D. Russo.* for petitioners.

*John C. Burke,* City Solicitor, for respondents.