DENNIS IZZI *et al. vs.* WARWICK SCHOOL COMMITTEE *et al.*

JUNE 18, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is essentially a petition by a teacher and a teachers' union for a writ of mandamus against the school committee of the city of Warwick praying that respondents be commanded to renew the teaching contract of petitioner. No question of procedure or pleading is involved. Before a hearing on the merits, the superior court on motion of the respondents dismissed the petition in so far as the petitioners other than Dennis Izzi, the teacher, were concerned. Thereafter upon full hearing that court denied the petition. The cause is here on the petitioners' appeal from such rulings.

We will first consider the question relating to the matter of the parties. The named petitioners other than Dennis Izzi were four individual officers of the teachers' union. The petition did not ask for any relief in favor of such officers or the union and did not contain any allegation that they had been wronged or damaged or that, as such officers, they had a clear legal right which respondents must comply with as a matter of law. The respondents contend that such petitioners had no actual or justiciable interest in the instant cause, which involved the issuing of a writ of mandamus for the benefit of Dennis Izzi only, and that they were improperly joined as petitioners. In our judgment that contention is sound and we find no error in the ruling of the trial justice to the effect that as petitioners they had no standing in the cause. The fact that Izzi was also a member of the teachers' union gave them no special or added rights. The petitioners' appeal in this connection is without merit.

Because of the view which we take of this cause, a complete statement of the evidence will not be necessary and a brief resumé of the facts will be sufficient to show the nature of the dispute between the parties. It appears that in September 1951 petitioner Izzi was employed by the school committee of the city of Warwick, without written contract, as a substitute teacher of art at the Nelson W.

Aldrich High School in that city. In the spring of 1952 he was given a contract for the next school year starting in September. In January 1953 and during the months immediately following, talks were had with said petitioner by officials of the school department and of the high school to the general effect that in certain respects his work was not entirely satisfactory; that he would be given a trial period to see if it improved; and that if it did not improve to their satisfaction he would not be recommended for reappointment.

The evidence as to what took place thereafter between the parties and certain school officials is in conflict with respect to their statements, the effect of their conduct, their correspondence, and as to certain entries on the records of the school department and whether the petitioner resigned from his position. At any rate he was given no written notice by the school committee, on or before March 1, 1953, that his contract for the ensuing year would not be renewed, and it was not renewed. No specific reason in writing for such action and no hearing was given him although he subsequently requested them. These omissions by respondents are the basis for the instant petition.

In support of their respective positions the parties have argued a number of questions which in our judgment are not necessary for us to consider in deciding the cause. This court has held that speaking generally our mandamus proceedings both as to legal principles and procedure are governed by the rules of the common law; that such a writ is prerogative in character; and that it is issued in the exercise of the discretion of the court having jurisdiction to act. *McCoy* v. *Nolan ex rel. Providence Journal Co.*, 74 R. I. 464, 467. Also the law respecting mandamus has been stated as follows in *Sun Oil Co.* v. *Macauley*, 72 R. I. 206, 210: "It is generally well established that a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the

respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law. It is not generally used to establish such a right and it is usually denied where such an alleged right is either uncertain or doubtful." See also *Sweet* v. *Conley*, 20 R. I. 381.

Applying the above principles to the instant cause we are of the opinion that petitioner Izzi has a plain and adequate remedy at law provided by statute to have the action of the school committee of the city of Warwick reviewed and to obtain the desired relief if warranted by the evidence and the law. Therefore the decision of the superior court denying the petition was correct.

When the state board of education was created by public laws 1951, chapter 2752, that statute also amended, among others, chap. 199 of the general laws of 1938. Said chap. 199 was amended in its entirety by sec. 16 of chap. 2752, and the portions pertinent to the issue under consideration now read as follows:

"Section 1. Parties having any matter of dispute between them arising under any law relating to schools or education may appeal to the commissioner of education who, after notice to the parties interested of the time and place of hearing, shall examine and decide the same without cost to the parties involved.

Sec. 2. Any person aggrieved by any decision or doings of any school committee or in any other matter arising under any law relating to schools or education may appeal to the commissioner of education who, after notice to the parties interested of the time and place of hearing, shall examine and decide the same without cost to the parties involved.

Sec. 3. Any decision of the commissioner in such matters shall be subject to an appeal to and review by the board of education.

Sec. 4. The commissioner may, and if requested by both or all parties to his appeal, shall lay an agreed statement of the facts of the case before the supreme court, whose decision shall be final.

Sec. 5. Nothing contained in this chapter shall be so construed as to deprive any aggrieved party of any legal remedy.

Sec. 6. The board of education may from time to time prescribe rules regulating the time and manner of taking such appeals, and rules to prevent appeals for trifling and frivolous causes."

Further, sec. 25 of chap. 2752 provides: "This act shall take effect July 2, 1951, and thereupon all acts and parts of acts inconsistent herewith shall stand repealed."

In our opinion if petitioner Izzi claims that he neither resigned nor led respondents to so believe, and that in the circumstances he was entitled to be considered under the act as a person aggrieved by the decision and action of the school committee, in connection with its failure to renew his teaching contract in 1953, he would have an adequate remedy by seeking relief in accordance with the steps outlined in the above-quoted statute. In our judgment the remedy at law thus provided is plain and adequate.

He contends, however, that under the terms of sec. 5 of chap. 199 as amended he is entitled to make use of any legal remedy available to him including the instant proceeding praying for the issuance of a writ of mandamus. It is our opinion that he misconceives the meaning and purpose of sec. 5 and that his contention is too broad. That section merely provides that the remedy set out in chap. 2752 is not an exclusive one and that a person aggrieved under that chapter is not deprived of any other legal remedy available to him. However, if he does employ any such remedy he is clearly bound by the established law which is applicable to and controls the use thereof. The section in question, by stating that an aggrieved person is not deprived of other remedies, does not change the substantive law in that connection. As pointed out, it is settled here that ordinarily mandamus will not be granted when it appears that the petitioner has a plain and adequate remedy at law to seek the relief desired. It is our conclusion that in

the circumstances appearing herein petitioner Dennis Izzi has such a remedy.

The appeal of the petitioners is denied, the judgment appealed from is affirmed, and the cause is remanded to the superior court.

*Israel Moses,* for petitioners.

*Hailes L. Palmer,* City Solicitor of Warwick, for respondents.