AUGUSTO AMBROSINO *vs.* CALVERT E. CASEY, CLERK OF THE SUPERIOR COURT.

JANUARY 10, 1961.

PRESENT: Condon, C.J., Roberts, Powers and Frost, JJ.

Roberts, J. This petition for a writ of mandamus seeks to compel the respondent in his capacity as clerk of the superior court for the counties of Providence and Bristol to enter in the record in each of two criminal appeals being prosecuted in that court by the petitioner the assignment of certain motions by him therein made and the action of the court thereon. The case is before this court solely on a question of law.

The facts that are material to such a determination as they appear in substance in the record are as follows. The petitioner, after a trial in the district court on December 10, 1959, was found guilty upon two complaints charging him with assault. In each case petitioner appealed to the superior court. Thereafter, on December 28, 1959, petitioner filed two motions in each case. In one he prayed that the superior court order the issuance and service of process in his behalf at no expense to him and in the other for the production and inspection of certain records in the possession of the prosecution.

The documents in which the substance of these motions is set out are in the file of each case. From an examination of these documents it appears that on December 28, 1959 a justice of the superior court ordered the motions to be placed on the miscellaneous calendar for hearing on January 6, 1960. On that date the justice in charge of the miscellaneous calendar in the superior court referred each of the motions to the justice in charge of the criminal calendar in that court. After discussing the purpose of the motions with petitioner and a representative of the attorney general, the judge refused to hear and decide these motions, apparently on the ground that they had been improperly placed on the calendar. Nothing in the file or by way of entry on the jacket of the file noted the appearance of petitioner or the refusal of the justice to pass on the motions.

It appears from a further notation on the face of the documents in the files that the motions were again assigned by a justice of the superior court to the miscellaneous calendar for hearing on January 13, 1960 with the direction that at that time they be referred to the justice sitting on the criminal calendar. On that date the cases were called and referred to the justice sitting on the criminal calendar, who declined to hear and decide the motions and noted an exception of petitioner to that action. There is no entry on the file jacket recording the appearance of petitioner at this time or the action of the justice on the motions.

The petitioner argues that as a litigant he has a right to have the record of cases in which he is involved conform to the actual facts concerning actions undertaken therein and that in the instant cases the records do not so conform because there are no entries on the file jackets recording the refusal of the justices of the superior court to hear and determine his motions. He further argues that the clerk of the superior court is without authority to refuse to make

such entries on the file jackets and his petition for a writ of mandamus is based on this premise.

In the case of *MacDonald* v. *Barr*, 51 R. I. 337, this court said that these records are "conclusive evidence of the facts therein recorded and it is the duty of the court to see that the records conform to the actual facts." Obviously this duty is the source of a litigant's right to have the records factually correct. The question, however, that is raised by the contentions of petitioner is whether this right is so extensive as to require the clerk of the superior court to record by way of jacket entries every action initiated by the parties and undertaken by the court during the course of litigation.

It has been the long-standing practice of the clerks of the superior court to make such jacket entries only with respect to those matters wherein the court exercised the judicial function. Pursuant to that practice the clerk of the superior court will not, in the absence of an express direction by the court to so do, make jacket entries concerning actions of the court or the parties that do not impinge upon the substantive or procedural rights of the litigants. In the case of motions such as those involved in the instant cases, it has been the practice of the clerks of the superior court to make jacket entries only when the action of the court was dispositive of the motion, that is, constituted a judicial act.

The duties of the clerks of the superior court with respect to keeping records are prescribed by the legislature. In G. L. 1956, §8-4-8, it is provided that "Such clerks shall constantly attend the sittings of their respective courts, shall keep the seal, books and papers thereof, shall make fair entries and records of all the proceedings, judgments, orders and decrees therein * * *." It would appear that motions of the kind that petitioner made in the instant cases are "proceedings" within the meaning of that term as used in the statute.

It is obvious that the pertinent provisions of this statute are mandatory to the extent of requiring clerks of the court to record all "proceedings, judgments, orders and decrees." Judgments, orders, and decrees result from the performance by a court of a judicial act, and it is apparent that it was the intention of the legislature that the recording of such judicial action on the part of the court was mandatory. Because of the context in which the term "proceedings" is found in the statute, we are constrained to conclude that the legislature intended that the proceedings that would be necessarily recorded were those wherein the court likewise engaged in a judicial act. In other words, it is our opinion that the clerks of the court are required to record proceedings of the court only when the action undertaken by the court therein judicially determined some right or obligation of a party.

It is our opinion that the wording of the statute is such as to clearly reveal a legislative intent to leave to the discretion of the clerks of the court the extent to which they will record acts of the court other than those which impinge upon the substantive or procedural rights of the parties or are dispositive of an assertion of some right by one of the parties. In other words, it is our opinion that the mandate of the statute does not extend to any act of the court other than those involved in an exercise of the judicial function. It leaves to the discretion of the clerks the extent to which a record will be made of those actions of the court which do not constitute an exercise of the judicial function but are undertaken for administrative purposes.

We do not perceive that the judges of the superior court in declining to deal with petitioner's motions were exercising the judicial function. It cannot reasonably be argued that their action denied petitioner the relief for which he prayed in his motions. The judges simply declined to hear and determine petitioner's motions on the basis of the assignments which had been made. Whatever their reasons for so acting might have been, they do not clearly appear

in the record. However, during oral argument before us petitioner did not dispute that all of these motions were assigned for hearing on February 29, 1960 by the attorney general and that petitioner moved for a vacation of these assignments because of the pendency of the instant petition. It is our opinion in all the circumstances that the actions of the judges of the superior court in declining to hear and determine these motions did not determine petitioner's right to the relief sought and consequently were not judicial acts which under the mandate of the statute were required to be recorded. The acts clearly were intended to regulate the preparation of a calendar.

Because we take the view above stated, it is our conclusion that the petitioner has failed to show that he has a clear legal right to require the clerk of the superior court to make file jacket entries concerning these declinations on the part of the judges of that court or to establish that the clerk of that court is without discretion under the statute to refuse to make the entries sought by the petition. In such circumstances the writ should not issue. *Sun Oil Co.* v. *Macauley,* 72 R. I. 206.

The petition is denied and dismissed, and the writ heretofore issued is quashed.

### On Motion for Reargument.

#### JANUARY 19, 1961.

Per Curiam. After our opinion in the above case was filed, the petitioner asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, stating therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and we are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Augusto Ambrosino,* pro se ipso, for petitioner.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Chief Special Counsel, for State.