DOROTHY J. OLIVIERI *vs.* MICHAEL CORSETTI.
MACHELE OLIVIERI, *p.a. vs.* SAME.
LAURIE A. COOK, *p.a. vs.* SAME.
BARBARA A. COOK *vs.* SAME.

FEBRUARY 26, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. These actions of trespass on the case for negligence were brought to recover for injuries alleged to have been sustained in a motor vehicle collision in Providence on November 10, 1961. The cases were tried together to a justice of the superior court sitting with a jury, and a verdict was returned for the defendant in each case. Thereafter the motion of each plaintiff for a new trial was denied, and each prosecuted an exception to that ruling to this court. The defendant thereafter moved in each case to dismiss the bill of exceptions, which motion was granted by this court on December 3, 1962, and the cases were remitted to the superior court where further proceedings ensued. Thereafter that court denied the plaintiff's motion in each case for the fixing of a new time for filing a transcript and a bill of exceptions and granted the defendant's motion therein for an entry of judgment in his behalf. From the latter rulings each plaintiff has prosecuted a bill of exceptions to this court, and the cases are before us now on the defendant's motion to dismiss each such bill of exceptions.

It is not disputed that in each case plaintiff's motion for a new trial was based upon remarks, allegedly prejudicial, that were made by counsel for defendant to the jury. Each plaintiff, in prosecuting a bill of exceptions to this court from the denial of her motion for a new trial, transmitted therewith a partial transcript containing only the record relating to defendant's argument to the jury. Because the same issue is raised in each case, for convenience we will hereinafter refer to these cases as if they constituted but a single action.

The defendant in his motion to dismiss the prior bill of exceptions set out that on the motion for a new trial alleging improper remarks by counsel only such portion of the

transcript as related to defendant's argument to the jury had been transmitted to this court and that this court could not consider the alleged improper remarks without having before it a complete transcript of the evidence adduced at the trial. Thereafter defendant prayed "that this Court dismiss said cause, or, in the alternative, to compel the plaintiff to cause to be transmitted to this Court the full and complete transcript of the evidence and testimony adduced during trial."

The record discloses that this motion of defendant was argued orally on motion day as noted in the jacket entry dated December 3, 1962, which reads: "Heard on defendant's motion to dismiss plaintiff's bill of exceptions. Motion granted." It further appears that the case was remitted to the superior court where plaintiff moved that defendant be directed to designate such portions of the transcript as he desired be transmitted to this court. According to the jacket entry plaintiff's motion was denied on January 10, 1963.

The plaintiff thereupon moved the superior court for the fixing of a new time within which to file a bill of exceptions to such rulings. At the same time defendant moved for entry of judgment in his behalf. The plaintiff's motion was denied, and defendant's motion was granted. The plaintiff is now prosecuting to this court another bill of exceptions from those rulings, and defendant has again moved this court to dismiss the bill of exceptions of plaintiff, contending, as we understand him, that the action of this court in granting his prior motion to dismiss the prior bill of exceptions was finally dispositive of this case. In support of this contention defendant argues that this court dismissed the prior bill of exceptions because it contained no exception taken by plaintiff to any ruling of the trial court related to the allegedly prejudicial remarks upon which a finding of error could be predicated and that the

**354**

propriety of the remarks made by counsel in the presence of a jury may not be argued to this court on the basis of an exception to the denial by the trial court of a motion for a new trial. *Floyd* v. *Turgeon,* 68 R. I. 218. But see *White* v. *Alexion,* 79 R. I. 297.

It is to be conceded that there was some discussion concerning the lack of a pertinent exception at the time the prior motion to dismiss was argued, but it does not follow that it was upon this ground that the motion was granted and the decision thus finally dispositive of the case. The jacket entry is controlling upon such issues, and it is the duty of the court to cause such entries to conform to the facts. *Ambrosino* v. *Casey,* 166 A.2d 888, 92 R. I. 114. In the instant case ambiguity is imported into the jacket entry not by reason of defendant's contentions with respect to the instant motion but by reason of the paucity of the language employed therein to record the decision of this court. It does not in its present form disclose with any certainty that this court granted the motion only for the purpose of requiring plaintiff to bring up with her bill of exceptions a complete transcript of the evidence. However, that such was the intention of the court is, in our opinion, consistent with the well-settled legal policy that where an appeal has been perfected by an appellant, it should be preserved within reason.

This court will in appropriate circumstances grant a motion to dismiss an appeal that is dispositive of the case on the merits, but such a termination of an appellate proceeding will not be undertaken lightly except where a failure to prosecute an appeal or a manifest absence of error warrants releasing an appellee from the necessity for litigating that procedure. We would note further that a jacket entry, to be construed as recording a dismissal dispositive of an appeal, would be required to disclose that the movant specifically prayed for such relief and that it was granted by

the court either in express terms or by necessary implication. It is our opinion in the instant case that the twofold prayer for relief, when viewed in the light of the averments of the motion relating to the failure of plaintiff to bring up a full transcript, precludes any reasonable construction of the entry as evidencing a dismissal of the case on the merits.

We turn then to defendant's contention that the provisions of §9-24-17 which relate to the fixing of times within which to file bills of exceptions do not confer authority upon the superior court to fix a new time in the circumstances of the instant case. The statute provides that the superior court shall fix a time for filing a bill of exceptions, for extensions of such time, and for the new fixing thereof. The statute has been given a liberal construction by this court in *Sormanti* v. *Deacutis*, 77 R. I. 507, wherein at page 509 we said that the legislature intended "to give the court power to exercise in the interests of justice a sound judicial discretion to grant in unusual circumstances 'a new fixing' for the filing of a bill after the time already fixed had expired."

The defendant argues that in the instant case a time had been fixed for filing the bill under the statute and had been complied with. In other words, he contends that a new fixing is not within the authority of the superior court, there having been no *expiration* of a time fixed for such filing within the meaning of the statute. We cannot agree with the view taken by defendant that the statute thus limits drastically the power of the superior court. To the contrary, the legislature, in our opinion, intended to give that court a wide latitude in promoting the administration of justice by liberally permitting the perfection of appeals by setting new times for the filing of a bill of exceptions to that end. It is to be noted that the statute specifically provides within its terms that "In case judgment shall have been entered in the cause, the superior court shall have

**356**

power to vacate such judgment upon compliance with such terms * * * as said court shall order, and thereupon grant an extension of time for filing a transcript and bill of exceptions as hereinbefore provided."

Viewing the statute in the light of this provision, we are of the opinion that the legislature contemplated that the superior court could fix a new time for filing a bill of exceptions after vacating a judgment theretofore entered when the circumstances were such as to warrant such an exercise of the judicial discretion of that court. We think such circumstances exist in the instant case. The plaintiff here, in prosecuting her original bill of exceptions, ordered transmitted to this court a partial transcript pursuant to her interpretation of that portion of §9-24-17 which authorizes the transmission of a complete transcript "or so much thereof as may be necessary for the determination of the exceptions." When this court dismissed the prior bill of exceptions on the defendant's motion and remitted the case to the superior court, its purpose was to require the plaintiff to provide this court with a transcript sufficient to permit it to pass upon matters raised by her bill of exceptions. The plaintiff could accomplish this only if the court below fixed a new time for the filing of a bill of exceptions to bring the case once more to this court. It is our opinion that in these circumstances the refusal of the superior court to fix a new time for the filing of such a bill, technically at least, constitutes an abuse of its judicial discretion.

The exceptions of the plaintiff in each case are sustained, and each case is remitted to the superior court with direction that the judgment entered therein be vacated and that the court fix a time within which the plaintiff may file a bill of exceptions, and for such other or further proceedings as that court shall deem necessary in accordance with this opinion.

*Pontarelli & Berberian,* for plaintiffs.

*Gunning & LaFazia, Bruce M. Selya, V. James Santaniello,* for defendant.