Don KRIVITSKY d/b/a
Coastline Copters

v.

TOWN OF WESTERLY.

No. 2003–509–Appeal.

Supreme Court of Rhode Island.

June 10, 2004.

**360**

Michael P. Lynch, Esq., Providence, for Plaintiff.

Lauren E. Jones, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The propriety of a Superior Court writ of mandamus—one that required a municipality to issue a license for the operation of a helicopter-ride business in that town—is the issue that gives us a whirl on this appeal. The defendant, the Town of Westerly (town), appeals from the granting of this writ of mandamus. The writ directed the town clerk to issue a class III amusement license to the plaintiff, Don Krivitsky d/b/a Coastline Copters (Coastline), so that Coastline could provide helicopter rides to the public in the town's Misquamicut Beach area. We ordered the parties to show cause why we should not decide this case summarily. Because they have not done so, we proceed to resolve the appeal at this time.

This is the second time in as many years that these parties have come before this Court. In *Krivitsky v. Town of Westerly*, 823 A.2d 1144, 1145–46 (R.I.2003) (per curiam) (*Krivitsky I*), we vacated a previous Superior Court writ of mandamus that directed the town clerk to issue an amusement license to Coastline to operate a helicopter ride for hire by selling rides to the public. In that case, the town's licensing board granted plaintiff a license in May 2002 to operate a helicopter on property in Westerly—subject to approval by the proper authorities, including the town's police chief. *Id.* After the board granted the application, however, the police chief refused to approve the license. *Id.* at 1146.

Coastline then appealed to the town council, asking it to approve the license, notwithstanding the police chief's demurral. *Id.* When the council denied its request, Coastline filed a complaint in the Superior Court seeking mandamus relief, which that court ultimately granted. *Id.* On appeal to this Court, however, we vacated the writ of mandamus, holding that Coastline improperly invoked the jurisdiction of the Superior Court to hear the case because the proper method to seek review of the town's licensing action was by petitioning this Court for a writ of certiorari. *Id.* at 1147.

In this case, Coastline again applied for a license from the town in 2003. After hearings before the licensing board, it granted the license by a three-to-two vote, but once again the license was still "subject to the prior approval of proper authorities." Thereafter, the Misquamicut fire chief refused to approve the license, citing numerous safety concerns. As a result of the fire chief's disapproval, the acting town manager declined to process the license application. In response, Coastline filed this action in the Superior Court, again seeking a writ of mandamus that would order the town to issue the license that the licensing board previously had approved. The town objected to Coastline's request, arguing that it was not entitled to a writ of mandamus because not all the proper authorities had approved the license.

At the Superior Court hearing, the court continued the matter and requested that the town manager issue a decision on the license application before the court ruled on Coastline's request for a writ of mandamus. Thereafter, the town manager decided to withhold his approval of Coastline's license application. In doing so, the town manager endorsed and adopted the

position of the fire chief, citing as his reasons, noise and safety concerns about the proposed helicopter-ride operation. After reviewing the town manager's action, the hearing justice issued a writ of mandamus, ordering the town clerk to sign and issue the license to Coastline. He concluded that the provisions of G.L.1956 chapter 4 of title 1, which govern aeronautics, preempted the local town-licensing ordinance.[1]

> "It seems to me that the state statute covers the question of aeronautical maneuvering by vehicles, helicopters and air flights. And, although I can understand Mr. Turo's [the acting town manager] position and the fire chief's position, I think that's been, in a sense, preempted by the state's statute. Certainly the director of aeronautics is going to be the one concerned fully with all the aspects. They're facing these situations every time an airplane takes off and lands within a specific area."

Based upon this reasoning, the court issued a writ of mandamus ordering the town to issue the license. The town then appealed from that order to this Court.

■ Once again, as in *Krivitsky I,* we face a threshold procedural question: was the jurisdiction of the Superior Court properly invoked in these circumstances so that it could issue a writ of mandamus? The Westerly Home Rule Charter sets forth the town's authority to grant and deny licenses. Section 14–1–1 of the charter provides in part: "The town shall have power by ordinance to require a license for purposes of regulation or control in any matter of local or municipal concern * * *." Section 14–1–4 provides, in part, that "[t]he council shall designate the respective department or agency which shall

be the licensing authority of the town for the granting of any license or class of licenses."

Chapter 7 of the Westerly Code of ordinances governs licenses, permits, and miscellaneous business regulations. Article I, section 7–4, governing approvals of licenses, provides, in part, that *"[a]ll licenses granted pursuant to the provisions of this chapter are subject to prior approval of proper authorities, i.e., town manager (director of public safety ),* police chief, *fire chief,* building official, zoning inspector, tax collector, and all other applicable local, state and federal approvals." (Emphases added.) Article XI, section 7–234 of the code also provides for a *de novo* hearing by the town council of any denial of a license application: "[a]ny applicant for any license, permit or renewal who is aggrieved by any decision or part of a decision of the town licensing board shall have an automatic appeal to the Westerly Town Council * * * and the appeal shall be heard *de novo* * * *." (Emphasis added.)

In addition to these provisions, however, another section of the code, Article V, section 7–81, specifically addresses licenses for amusements, their approval, and appeals to the town council from a specific refusal or failure to approve of a license, providing:

> "No person shall maintain, operate or conduct any amusement, including, but not limited to, a merry-go-round, whip, dodger, kiddy ride, airplane ride, Ferris wheel, or similar or like amusement device, * * * *unless such person shall have a license issued by the town clerk, upon approval of the town council, and subject to written approval of the chief*

---

1.  Specifically, G.L.1956 § 1–4–9, entitled "Jurisdiction of director," provides in pertinent part: "Except as otherwise specifically provided in this chapter, *the director has supervision over aeronautics within the state."* (Emphasis added.)

*of police, building official and zoning inspector;* provided, however, in case the chief of police refuses or fails to approve the issuance of such license, *the applicant may appeal to the town council from such refusal or failure to approve such license.*" (Emphases added.)

Pursuant to Article XI, section 7–231 of the Westerly Code, the town created a licensing board "to consider and decide all licensing matters which were heretofore considered and decided by the Westerly Town Council sitting as a licensing board." Article XI, section 7–233 granted the licensing board all the powers that previously were vested in the town council sitting as a licensing board, including the power to grant, deny, or suspend licenses and permits.

In this case, the licensing board approved the license "subject to the prior approval of proper authorities." As previously noted, Article I, section 7–4 provides generally that all licenses are granted subject to "prior approval of proper authorities, i.e., town manager (director of public safety), police chief, fire chief, building official, zoning inspector, tax collector, and all other applicable local, state and federal approvals." But Article V, section 7–81 of the code pertains specifically to amusement licenses and provides that such licenses are to be "issued by the town clerk, upon approval of the [licensing board], and *subject to written approval of the chief of police, building official and zoning inspector.*" [2] (Emphasis added.) Thus, the code appears to contain both general and specific provisions pertaining to which town officials must approve the license in question, thereby creating some confusion and uncertainty over exactly which of these officials were the "proper authorities" to approve this particular license.

In this case, Coastline asserts that the police chief "signed off" on its request for an amusement license. Although the record is not clear whether Coastline also obtained the approval of the building official and the zoning inspector as well, it asserted that "all such approvals" have been obtained. In any event, after considering the fire chief's objection, the acting town manager/town solicitor eventually disapproved of the license.

In *Krivitsky I*, this Court observed that "[t]he code provides that if the police chief *or town manager* denies a license, the applicant may appeal to the town council." *Krivitsky I*, 823 A.2d at 1147. (Emphasis added.) Thus, once the acting town manager had expressed his condemnation of the license, Coastline had an arguable right, under the code, as interpreted in *Krivitsky I*, to appeal to the town council, where it could have asked for a *de novo* review of the license application.

A writ of mandamus is an extraordinary remedy, one that a court should not grant except when the petitioner has a clear legal right to the requested relief, the respondent has a ministerial legal duty to perform the requested act without discretion to refuse, and the petitioner possesses no adequate remedy at law. *Martone v. Johnston School Committee*, 824 A.2d 426, 429 (R.I.2003). Here, Coastline had an adequate legal remedy: namely, the arguable right to appeal any purported licensing disapproval by the fire chief or by the town manager to the town council, and then to petition this Court for a writ of certiorari if the town still refused to issue the license. *Krivitsky I*, 823 A.2d at 1147. Thus, given Coastline's right to request a *de novo* hearing before the town council to review the failure or refusal of one or more town officials who arguably were author-

---

**2.** Pursuant to section 14–1–4 of the Westerly Home Rule Charter and Article XI, section 7–231 of the Westerly Code, the town council designated the licensing board as the licensing authority.

ized to approve the license and its right to petition this Court for a writ of certiorari to review any adverse decision by the town on its licensing application, Coastline possessed an adequate remedy at law that precluded the Superior Court from granting a writ of mandamus. After all, even if, as Coastline argued, the fire chief and the town manager were not, as a matter of law, the "proper authorities" whose "prior approval" was a condition precedent for the issuance of this particular license, the town council (or this Court on certiorari) still could have said so, or, in any event, overridden their disapproval, and thereby approved the issuance of the license. In short, Coastline's failure to exhaust its administrative and legal remedies should have proved fatal to this mandamus action.

Moreover, given the confusion and uncertainty that the above-cited general and specific provisions of the ordinance created about which town officials actually had to approve the license before the town could issue it, Coastline possessed no clear legal right to the issuance of the license in this case. Certainly, the appropriate licensing authorities in this case (whoever they might be) had the right and the duty to exercise their discretion in deciding whether to approve this license. *See Mall at Coventry Joint Venture v. McLeod,* 721 A.2d 865, 872 (R.I.1998) (no clear ministerial duty to grant plaintiff's application to alter wetlands on basis of mere preliminary determination). That exercise of discretion turned on whether the proposed helicopter-ride business was contrary to any of the town's legitimate concerns about local safety, health, and welfare. Indeed, the mere fact that the General Assembly regulates a particular activity does not mean that municipalities cannot impose additional restrictions that address legitimate local concerns. *Cf. Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,* 523 A.2d 855, 857 (R.I.1987) (holding that even though

the state regulates septic systems, municipalities can create more restrictive requirements for setbacks). Only if the town clerk still had refused to issue the license after all the "proper authorities" had approved it, would a Superior Court action seeking a writ of mandamus have been appropriate. Because the parties disputed whether all the proper authorities had approved the license, because the code was ambiguous about which town officials were the proper authorities to approve this type of license, and because the town council (and, if necessary, this Court on certiorari) could cause the license to issue regardless of whether the fire chief and the town manager properly had disapproved the license, Coastline should have exhausted these remedies before seeking mandamus.

For these reasons, we have no need to address the preemption issue upon which the hearing justice relied when issuing the writ of mandamus. Because Coastline failed to exhaust its administrative and legal remedies by attempting an appeal to the town council and then, if necessary, seeking certiorari from this Court with respect to any adverse licensing decision, the jurisdiction of the Superior Court to grant mandamus relief was not properly invoked. Nevertheless, we take this opportunity to suggest that, to avoid future litigation, the town should consider amending its code of ordinances to clarify exactly which town officials, other than the licensing board, possess the authority to approve or disapprove this type of license.

Thus, we reverse, vacate the order of mandamus, and remand for entry of a judgment in favor of the town.

Justice FLAHERTY did not participate.