DECISION
This petition for writ of mandamus is before the Court for decision following a hearing held on February 28, 2006. For the reasons stated, the petition is denied.
 Facts and Travel
On September 3, 2004, New England Development, LLC (NED) applied to the Planning Board of the Town of Tiverton (Planning Board) for Master Plan approval to develop a Retail Business, Office, and Consumer Service Complex on land located between Souza Road and Route 24 in Tiverton. A Certification of Completeness was issued by the Planning Board on October 27, 2004. The issuance of the Certificate of Completeness triggered the statutory time clock set forth in G.L. 1956 § 45-23-40(e) which mandates that the Planning Board approve or deny the Master Plan within 120 days of certification of completeness. Seealso Tiverton Code of Ordinances, Land Development or Subdivision Regulations, Art. VII § 23-29.
After receiving the Certification of Completeness, NED consented to eight successive extensions of the time clock period. See § 45-23-40(e) ("The planning board shall (act), within one hundred and twenty days of the certification of completeness, or within a further amount of time that may be consented to by the applicant. . . ."). NED gave its final consent to an extension on September 26, 2005, at which time NED agreed to extend the time for Planning Board action until December 30, 2005.
The final meeting to discuss NED's application was held on November 21, 2005. At this meeting, Noel Berg (Berg), the administrative officer, acknowledged that the time clock for NED's application expired on December 30, 2005. In addition, the Planning Board voted on NED's application at the November 21, 2005 meeting, denying the application. Berg indicated that he would draft the final written decision with findings of fact because he had already drafted five pages of factual findings prior to the November 21st meeting.
Between November 21, 2005 and December 30, 2005, the Planning Board failed to file, post and record the final written decision denying NED's Master Plan application. Because the statutory time clock had expired without the issuance of a final written decision with respect to NED's Master Plan, William Cronin of NED sent a letter to Berg requesting Berg to issue a certificate of approval by January 9, 2006. See § 45-23-40(f) ("Failure of the planning board to act within the prescribed period constitutes approval of the master plan and a certificate . . . will be issued on request of the applicant."). Berg responded to the letter indicating that the vote of the Planning Board was all that was required to satisfy the decision requirements of §45-23-40(e). Finally, on January 13, 2006, Berg filed a written decision denying NED's Master Plan application.[1]
 Discussion
NED has petitioned this Court for a writ of mandamus commanding Noel Berg, as the Administrative Officer for the Tiverton Planning Board, to issue a certificate of approval pursuant to §45-23-40(f). Berg has objected.
The standard for issuing a writ of mandamus is as follows:
 "`A writ of mandamus should issue only when (1) the party petitioning for such an extraordinary remedy has shown a clear legal right to obtain the relief sought by the writ; (2) the respondent(s) has a ministerial legal duty to perform the requested act without discretion to refuse; and (3) the petitioner possesses no adequate remedy at law.'" Martone v. Johnston School Committee, 824 A.2d 426, 429 (R.I. 2003) (quoting PJC. Realty, Inc. v. Barry, 811 A.2d 1202, 1205 (R.I. 2002) (citations omitted)).
"Once these prerequisites have been shown, it is within the sound discretion of the Superior Court justice to ultimately issue the writ." Id.
NED contends that it has a clear legal right to a certificate of approval due to the Planning Board's failure to issue a final, written decision within the agreed upon time period. According to NED, the requirement in § 45-23-40(e) that the Planning Board, "approve of the master plan as submitted, approve with changes and/or conditions, or deny the application" is only fulfilled by filing and recording a written decision. Apparently finding no Rhode Island case directly on point to support this contention, NED relies on the reasoning of Bd. of Selectmen v. RP RealtyCorp., 202 N.E.2d 409 (Mass. 1964). In Bd. of Selectmen v. RPRealty, the court determined that the failure of the planning board to submit a final certificate of decision to the clerk resulted in constructive approval of a plan even though the board voted to alter or deny the plan. 202 N.E.2d at 413. Thus, NED argues that the November 21, 2005 vote denying its application did not constitute the requisite action and the expiration of the consented to period on December 30, 2005 effectively approved the Master Plan through the inaction of the Planning Board. Moreover, NED contends that the final decision filed by Berg violates the Open Meetings Law because the Planning Board has not voted to approve the written decision.
NED further argues that the act of issuing the certificate of approval is ministerial, as opposed to discretionary, because §45-23-40(f) specifically requires that "a certificate of the administrative officer as to the failure of the planning board to act within the required time and the resulting approval will be issued on request of the applicant." Finally, NED contends that it has no adequate remedy at law "because it has no way to compel Mr. Berg to issue the required certification."
Citing Sun Oil Co. v. McCauley, 72 R.I. 206 (1946), Berg argues that NED has no clear legal right to the requested relief because NED possesses no ownership interest in the land that is subject of the Master Plan. In Sun Oil Co., the court found that the petitioner had no legal right to apply to the zoning board for a modification or variation of the zoning regulations because the petitioner did not own the land in question.72 R.I. at 211. Here, of course, the statutory scheme expressly speaks in terms of the applicant for master plan approval. Thus, Berg's argument based upon lack of standing is specious.
Of greater import is Berg's contention that the language of §45-23-40(e) does not require a written decision be filed within 120 days of the issuance of the certificate of completeness. Berg argues that the vote of November 21, 2005 constituted a denial sufficient to overcome the constructive approval provision of §45-23-40(f). Presumably, Berg contends that the filing of the Board's written decision within a reasonable time after the vote comports with statutory requirements. Thus, the failure to submit a written decision, even if statutorily required, does not operate to void the action taken by the Planning Board.
Berg's procedural defense has more merit. He asserts that there is an adequate remedy at law for NED which NED has in fact utilized.[2] According to Berg, an appeal of the denial of the Planning Board is the appropriate legal remedy as opposed to mandamus.
Finally, Berg claims that NED has no standing to request a writ of mandamus because they are a foreign corporation that is not registered pursuant to G.L. 1956 § 7-16-49. This issue appears to now be moot.[3]
 Analysis
At the outset this Court acknowledges that "(a) writ of mandamus is an extraordinary remedy. . . ." Krivitsky v. Town ofWesterly, 849 A.2d 359, 362 (R.I. 2004).
The first prerequisite to the issuance of a writ of mandamus is the petitioner's clear legal right to the relief sought. Here, NED seeks to command Berg, as administrative officer, to issue a certificate pursuant to § 45-23-40(f) indicating the approval of the Master Plan as a result of the Planning Board's failure to act. Whether NED is entitled to such a certificate depends upon whether a vote by the Planning Board versus a final written decision filed and recorded constitutes the requisite act of approval or denial.
Clear and unambiguous statutes will be given their plain and ordinary meaning; however if a statute is ambiguous, the court must glean the intent of the legislature in a holistic manner in order to effectuate the purposes and policies of the statutory enactment. Park v. Ford Motor Co., 844 A.2d 687, 692 (R.I. 2004). Section 45-23-40(e) provides:
 "Decision. The planning board shall, within one hundred and twenty (120) days of certification of completeness, or within further amount of time that may be consented to by the applicant, approve of the master plan as submitted, approve with changes and/or conditions, or deny the application, according to the requirements of § 45-23-63."
Section 45-23-40(e) nowhere indicates that the board must file and record a written decision within 120 days. However, §45-23-63(a) requires that "all records of the planning board proceedings and decisions shall be written and kept permanently available for public review." Construing these statutes together, which § 45-23-40(e) by its plain language requires, it appears that in order to comply with the 120 day requirement, the Planning Board would have to issue a written decision because the approval or denial of the application must be done according to the requirements of § 45-23-63. As previously noted, § 45-23-63 requires that planning board decisions be in writing. Therefore, the action required by § 43-23-40(e) is the issuance of a written decision as opposed to an oral vote taken at a meeting. In that respect, the Planning Board appears to have failed to comply with the consented to time period of December 30, 2005.
Section 45-23-40(f) provides:
 "Failure to Act. Failure of the planning board to act within the prescribed period constitutes approval of the master plan, and a certificate of the administrative officer as to the failure of the planning board to act within the required time and the resulting approval will be issued on the request of the applicant."
There can be no doubt that the issuance of the certificate is a mandatory duty of the administrative officer when the planning board fails to act. The term "will" in this context is mandatory, not permissive. The administrative officer has no discretion; "a certificate . . . will be issued on the request of the applicant."
Although NED's arguments on the merits may be valid, this justice finds that the developer is, at present, procedurally barred from the remedy it now seeks in Superior Court. "It is well settled that a plaintiff aggrieved by a state agency's action first must exhaust administrative remedies before bringing a claim in court." Rhode Island Employment Security Alliancev. State, 788 A.2d 465, 467 (R.I. 2002); see also, Almeidav. Plasters' and Cement Masons' Local 40 Pension Fund,722 A.2d 257, 259 (R.I. 1998). The rational behind the exhaustion doctrine is that it "`aids in judicial review by allowing the parties and agency to develop the facts of the case, and it promotes judicial economy by avoiding needless repetition of administrative and judicial fact finding, perhaps avoiding the necessity of any judicial involvement.'" Almeida, 722 A.2d at 259 (quotingBurns v. Sundlun, 617 A.2d 114, 117 (R.I. 1992)). Exhaustion of remedies can be statutorily mandated or applied in the court's discretion. See generally, 3 Charles H. Koch, Jr.Administrative Law and Procedure § 13.21[3] (2d ed. 1997).
In the context of a writ of mandamus, the court has held that the right to appeal a fire chief's denial of an operating license is an adequate legal remedy which would prevent the issuance of a writ of mandamus. Krivitsky v. Town of Westerly, 849 A.2d 359,362 (R.I. 2004). Specifically, where the petitioner, instead of pursuing an appeal, sought a writ of mandamus ordering the clerk to issue the license, the court stated, "[the] failure to exhaust administrative and legal remedies should have proved fatal to this mandamus action." Id. at 363. Therefore, the exhaustion doctrine is applicable in the context of those who might otherwise seek a writ of mandamus.
Berg contends that NED possesses an adequate legal remedy through the administrative appeals process.[4] NED does not dispute that the doctrine of exhaustion of remedies applies to the review of a decision from the planning board. Instead, NED argues that the relief sought is not a review of the decision of the planning board. NED contends that because only the administrative officer, not the Tiverton Zoning Board, may issue the requested certificate, it has no adequate remedy at law. NED attempts to distinguish Krivitsky because in that case there was no statutory provision which would have compelled the clerk to issue a license in the event of the town's failure to act. However, this is a distinction without difference.
 Conclusion
NED seeks through this writ of mandamus to force the issuance of a certificate of approval of its Master Plan. Yet, the Planning Board voted to deny the Master Plan on November 21, 2005 and filed a decision to that effect on January 13, 2006. Through this action for a writ of mandamus, NED is essentially attacking the denial of its application. The writ of mandamus would effectively overrule or invalidate the decision of the Planning Board. While NED may be entitled to approval of its application and an invalidation of the issued decision, NED must first challenge the decision of the Planning Board through the appropriate administrative process, thereby exhausting its administrative and legal remedies. NED cannot come to this Court seeking review of agency action in the guise of a writ of mandamus.
Accordingly, NED's petition for a writ of mandamus is denied.
[1] NED suggests that the belated filing of the written decision is similar to the winning basket being scored after the game is over. Choosing to continue the use of the sports metaphor, this Court suggests that a basketball team does not file a lawsuit every time there is a game protest. There are well established administrative remedies that must be followed. See e.g., Official Rules of the National Basketball Association available athttp://www.sportsbooks.com/national_basketball_association/nba_rules/protest.shtml.
[2] NED filed a timely appeal from the written decision authored by Berg and filed on January 13, 2006.
[3] Berg has not disputed the assertion by NED that the developer has secured the appropriate certificate to conduct business in the State of Rhode Island.
[4] With respect to subdivision approval, § 45-23-67 authorizes an appeal from a decision of a planning board to a board of appeals. Pursuant to the Tiverton Land Development Ordinance Art. XII, § 23-67, a party aggrieved by a decision of the Planning Board may appeal that decision to the zoning board of review. Article XII, § 23-71 of the Tiverton Land Development Ordinance allows an aggrieved party to then appeal a zoning board decision to the Superior Court. Moreover, § 45-23-71 vests this Court with jurisdiction to hear appeals from parties aggrieved by a decision of the board of appeals. Not only is the administrative appeals process available to NED; NED has perfected an appeal of the Planning Board's decision.