THE PEOPLE *ex rel.* E. M. McDowell *et al.* Plaintiffs in Error, *vs.* THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.* Defendants in Error.

*Opinion filed October 22, 1927.*

1. HIGHWAYS—*interest of State at large is to be primarily considered in locating State hard road.* There is no statutory requirement that a hard-surfaced road under the Bond Issue act of 1917 shall pass through the principal part of a community, but the primary interest to be considered in locating such road is the interest of the State at large and not of a particular locality, and the only right which the act gives to the people of a community designated on the route of such road is the right of reasonable connection with other communities located upon the same route.

2. SAME—*Department of Public Works and Buildings cannot be compelled by mandamus to locate hard road.* As the action of the Department of Public Works and Buildings in carrying out the provisions of the Bond Issue act of 1917 is subject to the approval of the Governor, and since such approval cannot be coerced by a writ of *mandamus,* that remedy is not available to compel the performance of any duties with reference to the location or relocation of a hard-surfaced road under the act.

3. MANDAMUS—*petitioner must show clear right to the writ.* A writ of *mandamus* will not issue unless the petitioner shows a clear and legal right to the writ and that it is the duty of the party against whom the writ is sought to do the act which the petitioner seeks to have performed.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

GEORGE W. DOWELL, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, (B. L. CA-
TRON, of counsel,) for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

A petition on the relation of E. M. McDowell, Luther
Walters, Charles M. Wagner, B. H. Evans and Edwin Mc-
Dowell, as citizens, residents, land owners and tax-payers
of Harrison, in Jackson county, was brought in the circuit
court of Sangamon county against the Department of Pub-
lic Works and Buildings of the State, Cornelius R. Miller,
as the director of the department, and Frank T. Sheets, as
State superintendent of highways. The prayer of the peti-
tion was for a writ of *mandamus* commanding the re-
spondents to locate and construct a durable, hard-surfaced
road upon the public highway running through Harrison
in order to afford that community reasonable connections
with the other communities situated along State bond is-
sue Route No. 13. Upon a hearing the prayer of the peti-
tion was denied and the petition was dismissed. The re-
lators prosecute this writ of error for a review of the record.

The petition states that a portion of the Shawneetown
and St. Louis public highway runs from the city of Mur-
physboro, in Jackson county, north to the city of Pinckney-
ville, in Perry county, and is known as Route No. 13 un-
der the State Bond Issue act of June 22, 1917; that this
highway has been extensively traveled for upwards of fifty
years, is the only direct route between these cities, is well
maintained as a dirt road and has few hills and curves,
none of which curves are dangerous and all of which can
be easily removed; that the Department of Public Works
and Buildings has paved about one mile of this highway
north from the limits of the city of Murphysboro; that
about a quarter of a mile beyond this pavement a branch
of the Missouri Pacific railroad crosses the highway; that
on the same highway, about two and one-half miles north

of the city, a community known as Harrison is situated; that the durable, hard-surfaced road on Route No. 13 should be constructed on this highway, subject only to such minor changes as may be necessary to carry out the provisions of the act of 1917, but that the Department of Public Works and Buildings arbitrarily, and contrary to the provisions of the act, has caused to be surveyed as a part of Route No. 13 a new route about two miles long which deviates from the present highway and requires large expenditures for right of way, grading, clearing, making fills in surface subsidences and passing over underground workings of abandoned mines, and that the proposed route will not afford the community of Harrison reasonable connections with Murphysboro and Pinckneyville.

The respondents in their answer to the petition aver, among other things, that the highway from Murphysboro to Pinckneyville runs through rough and rolling territory, with many hills, grades and sharp turns, some of which are dangerous and cannot be made safe for travel without departing from the highway and obtaining new rights of way for considerable distances; that Harrison is located on the Missouri Pacific railroad about one-fourth of a mile east of the highway and has no direct connection with it; that another small community is located along the highway about a mile north of the railroad and has about twenty residences, a church, an unoccupied store and a blacksmith shop, and if the hard-surfaced pavement should be laid through that community the widening of the highway and the removal of some of the buildings would be required and the use of other buildings would be made dangerous and inconvenient; that the railroad crosses the highway at grade on a diagonal line and the crossing is dangerous to traffic; that a separation of grades at that point is impracticable, and in order to secure a suitable site for a subway the respondents located Route No. 13 a short distance west of the crossing; that to promote safety in the operation

of traffic and to secure economy in expenditure it was necessary to extend the route about one-half mile north from the proposed subway and thence to curve northeasterly another one-half mile to connect with the existing highway; that although no contract has been let for the construction of that part of the road, the right of way has been acquired and a large part of the work of grading, constructing culverts and excavating ditches has been completed and the cost and expense thereof have been paid by the State. The material allegations of the petition, particularly the charges that the respondents acted arbitrarily in locating Route No. 13 through the locality in question, were specifically denied.

The public highway running from the city of Murphysboro to the city of Pinckneyville crosses three tracks of the Missouri Pacific railroad north of the former city, in a diagonal direction, at grade. The distance across these tracks is about 75 feet, and the south track is 2½ feet below the north track. About 2500 feet north of the railroad the highway is intersected by a road running east and west. At the southwest corner of this intersection stands a Methodist church. For approximately 2100 feet north from this corner the highway passes through a small community known as Harrison. Within this distance the highway is about 40 feet wide, and fourteen buildings, including an unoccupied store, a garage and a number of dwelling houses, abut upon it. If the hard-surfaced pavement were to be laid in the highway, the widening of the highway and the removal of the store and garage would become necessary.

The Department of Public Works and Buildings located a portion of Route No. 13 north of Murphysboro by a deviation from the existing highway, beginning at a point 600 feet south of the railroad and running in a northwesterly direction to a point about 750 feet beyond the railroad, thence north approximately 2500 feet, and thence in

a northeasterly direction about 1900 feet, to connect with the existing highway immediately north of Harrison. This route, at its intersection with the east and west road running along the Methodist church, is 780 feet west of the present highway, and it intersects the railroad 320 feet west of the existing crossing, at a point where only one track is laid and where a suitable subway can be built at comparatively small expense. The cost of constructing the hard-surfaced road on the route laid out by the defendants in error, including the subway, was estimated at $54,425, while the cost of continuing on the existing highway, including a subway at the present crossing, it was said, would be $86,052. Plaintiffs in error suggested an alternative plan by deviating from Route No. 13 at a point 600 feet north of the railroad and running thence northeasterly approximately 1700 feet to the existing highway at a point just south of the Methodist church.

Section 1 of the act entitled "An act in relation to the construction by the State of Illinois of a State-wide system of durable, hard-surfaced roads upon public highways of the State and the provision of means for the payment of the cost thereof by an issue of bonds of the State of Illinois," approved June 22, 1917, in force July 1, 1917, (Laws of 1917, p. 696; Cahill's Stat. 1925, p. 2101;) provides that a State-wide system of durable, hard-surfaced roads shall be constructed by the State upon its public highways "along the hereinafter described routes, as near as may be." Section 2 of the act provides, among other things, that the construction of the State-wide system of roads, and all work incidental thereto, shall be under the general supervision and control of the Department of Public Works and Buildings, subject to the approval of the Governor. By section 9 of the act the general location of the routes upon and along which the proposed roads are to be constructed shall be substantially as described in that section, so as to connect with each other the different communities and the

326—38

principal cities of the State, save that the Department of Public Works and Buildings shall have the right to make such minor changes in the location of said routes as may become necessary in order to carry out the provisions of the act. The same section defines the courses of the several routes and fixes their termini. Route No. 13 begins in a public highway at Shawneetown, and runs along such highway, in a general westerly direction, to Murphysboro; thence in a northwesterly direction to East St. Louis, affording Shawneetown, Harrisburg, Marion, Carbondale, Murphysboro, Pinckneyville, Sparta, Belleville, East St. Louis and the intervening communities reasonable connections with each other.

The route as located by the Department of Public Works and Buildings was determined largely, if not altogether, by the necessity of finding a suitable location for a subway to avoid the dangers of a grade crossing over the railroad. Such a location was found a short distance west of the existing crossing. Continuing north, the route, at the intersecting road running east and west, is 780 feet west of the existing highway, which runs north through the center of the community. At the north end of the community, less than 2300 feet north of the intersecting road, the route connects with the present highway. A re-location of the crossing over the Missouri Pacific railroad is conceded to be necessary. Defendants in error introduced evidence to show that the alternative plan of the plaintiffs in error, which involved the use of the proposed subway but turned to the northeast instead of continuing north, would not allow south-bound traffic a sufficient view of or a safe approach to the subway. To construct a hard-surfaced road on the present highway through the community would require the widening of the highway and the removal of certain of the buildings abutting upon it. Every point on that highway in the community has ready access to the route as laid out and is less than 1500 feet from it. Although

Harrison is situated between the cities of Murphysboro and Pinckneyville, which by section 9 of the act are located on Route No. 13, there is no statutory requirement that the hard-surfaced road shall pass through the principal part of a community. The primary interest to be considered in the location of a hard-surfaced road which is a part of the State-wide system is the interest of the State at large and not of a particular locality, and the only right which the act of 1917 gives to the people of a community designated on the route of a road to be built by authority of the act is the right of reasonable connection with other communities located upon the same route. (*MacGregor* v. *Miller,* 324 Ill. 113.) Under these circumstances it cannot be said that the Department of Public Works and Buildings acted arbitrarily in deviating from the present highway. When the greater safety to traffic afforded by the change in location is considered, the department acted within its power and authority. (*People* v. *Department of Public Works and Buildings,* 320 Ill. 117.) A writ of *mandamus* will not issue unless the petitioner shows a clear and legal right to the writ and that it is the duty of the party against whom the writ is sought, to do the act which the petitioner seeks to have performed. (*People* v. *Department of Public Works and Buildings, supra.*) Moreover, since the action of the defendants in error in carrying out the provisions of the act of 1917 is subject to the approval of the Governor, and since such approval cannot be coerced by a writ of *mandamus,* that remedy is not available to compel the performance of any duties with reference to the location or re-location of a hard-surfaced road under that act. *MacGregor* v. *Miller, supra.*

The circuit court properly dismissed the petition of the plaintiffs in error for a writ of *mandamus,* and its judgment is affirmed.

                                            *Judgment affirmed.*