(No. 35520.—

ILLINOIS MASON CONTRACTORS, INC., Appellee, *vs.* THE
CITY OF WHEATON *et al.,* Appellants.

*Opinion filed May 18, 1960.*

CORRIGAN & MACKAY, of Wheaton, and LEONARD BOS-
GRAF, of Chicago, (JOHN R. MACKAY, of counsel,) for ap-
pellants.

EDGAR J. ELLOITT, of Wheaton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

Illinois Mason Contractors, Inc., filed a petition for a
writ of *mandamus* to compel the city of Wheaton and its
building commissioner to issue a building permit for the
construction of a commercial building with apartments.
When the application was made, such a use was permitted
under the zoning ordinance. Thereafter the ordinance was
amended and the property was placed in the class A single-
family residential district. The circuit court held the amend-

atory ordinance invalid, and entered judgment awarding the writ. The defendants have appealed, and the trial judge has certified that the validity of a municipal ordinance is involved, and that the public interest requires a direct appeal to this court. Ill. Rev. Stat. 1959, chap. 110, par. 75.

For 25 years prior to September 22, 1958, the property had been zoned for community business uses. On that date, James C. Lewis, vice-president and treasurer of the corporation, filed an application for a building permit, together with plans and specifications for a commercial building with apartments, a permitted use. At that time, Charles M. Stika, Wheaton building commissioner, advised Lewis of the cost of a building permit, but did not issue the permit because the plans and specifications contained a violation of the building code. Within a month, Lewis furnished corrected plans and specifications. Stika notified Lewis that these plans complied with the building code and suggested that Lewis take them to the city clerk so that the clerk could then officially present them to the city council and the plan commission. Lewis did so.

At the city council meeting of October 27, a signed petition was introduced, requesting that certain property, including the subject premises, be rezoned for class A single-family residential uses. The petition was referred to the zoning commission. On November 17, the commission reported to the city council that it had approved the corporation's application for the building permit, subject to the city's satisfaction from an engineering standpoint. The council decided to hold the report in abeyance and await the findings of the building commissioner with respect to the engineering details of the structure.

At the next meeting, on November 24, the building commissioner notified the city council that the plans and specifications complied with the building code. At the same meeting, however, the zoning commission recommended the rezoning of only four lots, including the lot in question.

At the meeting held on December 1, the city council directed that an ordinance be prepared to amend the zoning ordinance by including the four lots in the class A single-family residential zone. On December 8, the city council adopted the amending ordinance and at the same meeting denied the corporation's application for a permit to construct a commercial apartment building. This petition for *mandamus* was filed on December 24, 1958.

The defendants urge that the writ of *mandamus* should not have issued. They rely on the principle that the writ will not issue unless the petitioner shows a clear and legal right to it, and a clear neglect of duty on the part of the defendant. (*La Salle National Bank* v. *Village of Riverdale,* 16 Ill.2d 151; *People ex rel. McDowell* v. *Department of Public Works and Buildings,* 326 Ill. 589.) They contend that the corporation failed to file corrected plans and specifications, failed to make a reapplication for the permit, and failed to pay or tender the permit fee.

It is not clear from Stika's testimony whether or not the amended plans and specifications were filed in his office. But if they were not so filed, it was only because he directed Lewis to take them to the city clerk. Similarly, the original application for the permit was still in effect; there is no showing that a reapplication was necessary. Finally, Stika testified that the building permit was not denied because of a failure to pay the permit fee, and that the fee is not collected until the permit is issued. We are not referred to any ordinance prescribing a different time for payment of the fee.

This case is unlike *People ex rel. Younger* v. *City of Chicago,* 280 Ill. 576, cited by the defendants. There the court refused to issue the writ because the plaintiff had failed to amend his plans after the permit had been denied. Since the required corrections were not made, the plans did not comply with the valid requirements of the ordinance and the building commissioner was under no duty to ap-

prove them. It is undisputed here that before the zoning ordinance was amended the plaintiff had submitted revised plans and specifications which complied with the building code.

It is also undisputed that under the ordinance as it existed prior to the amendment, the proposed building was a permitted use. On September 1, 1958, the corporation received a loan commitment in the amount of $50,000, for which a commission of 6½ per cent was charged. Before the ordinance was amended, the corporation had entered into contracts for work to be done, totaling over $30,000, and had spent $5,600 for materials to be used in the proposed building. Acting in good faith, and relying upon the zoning ordinance which had been in effect since July 21, 1933, it had made substantial changes in its position and had incurred substantial obligations.

The existing zoning classification, upon which the plaintiff relied, was not incongruous. The block in which the lot in question is located lies immediately south of the tracks of the Chicago and North Western and the Chicago, Aurora and Elgin railroads. The amendatory ordinance permitted the property directly across the street to retain its original classification in the Community Business District. Under these circumstances we are of the opinion that the circuit court properly directed that the writ issue. *Nott* v. *Wolff*, 18 Ill.2d 362; *Fifteen Fifty North State Bldg. Corp.* v. *City of Chicago*, 15 Ill.2d 408; *Deer Park Civic Ass'n* v. *City of Chicago*, 347 Ill. App. 346.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*