Mario Pittoni, J.
Littlefield-Alger Signal Go., Inc., applies for a judgment, pursuant to article 78 of the Civil Practice Law and Rules, directing the County of Nassau to issue to the Baldwin Fire District or to Littlefield-Alger a permit for the installation of a fire pre-emption system on a Nassau County road. The Baldwin Fire District was the applicant to the county for the permit, not Littlefield-Alger. The county denied that application, and by letter dated May 27, 1963 to the Baldwin Fire District, stated that it could not approve any such permit since the application called for Littlefield-Alger to be the contractor to install the system. The county stated its reasons for Littlefield-Alger’s nonacceptability. The Baldwin Fire District chose not to file an article 78 petition. However, Littlefield-Alger has done so in this present proceeding on the ground that it had a contract with the Baldwin Fire District to install the fire pre-emption system.
The respondent, County of Nassau, now moves to dismiss on the grounds that:
(1) Littlefield-Alger lacks the capacity to institute or maintain this proceeding;
*949 (2) the proceeding was not commenced in time pursuant to section 217 of the Civil Practice Law and Rules; and
(3) the petition fails to state facts to support a legal right to install a fire pre-emption system or to show the county’s legal duty to grant the permit.
The petition must be dismissed on several grounds. The first is that the petitioner, Littlefield-Alger, is not qualified to bring this proceeding. It was not a party to the original proceeding and does not have a direct interest in the application which was denied (Matter of Gifts by Wire v. Bruckman, 253 App. Div. 350; Matter of Kenny Development Corp. v. Kramer, 22 Misc 2d 122 [Pittoni, J.]). The cases cited by Littlefield-Alger were concerned with ultimate article 78 petitioners who appeared and opposed as parties in the proceeding before the administrative body and whose properties were immediately or directly involved (Matter of Niagara Frontier Co-op. Milk Producers v. Du Mond, 297 N. Y. 75), or whose rights were directly affected by the administrative body’s ruling.
The next ground for dismissal is the petitioner’s failure to start this proceeding within four months after the county’s refusal, upon demand, to perform the requested act. The requirement is that ‘ ‘ a proceeding against a body # * * must be commenced within four months * * * after the respondent’s refusal, upon the demand * * * to perform its duty”. (CPLR, § 217.) The letter of refusal by the county was dated May 27, 1963 and this proceeding was commenced October 2, 1963.
Littlefield-Alger’s letter to the county, dated June 25, 1963 — assuming it had the right to petition — did not take this case out of the limitation of section 217 of the Civil Practice Law and Rules. That letter was only a request for reconsideration, and such self-serving action could not be used to extend the limitation period. The final refusal to perform the requested act, the starting time under section 217 of the Civil Practice Law and Rules, was on May 27, 1963.
The contention that the time under section 217 of the Civil Practice Law and Rules never started to run because LittlefieldAlger never received notice of the county’s refusal to act, as in the letter of May 27, 1963, also lacks merit. The applicant, Baldwin Fire District, did receive the required notice and Baldwin Fire District was the only party in that proceeding and the only one entitled to notice. Cases such as Matter of O’Neill v. Schechter (5 N Y 2d 548), cited by Littlefield-Alger, establish just that; the person directly involved in the proceeding is the one entitled to notice of the respondent’s refusal to act. None *950 of them say that persons indirectly affected must also receive notice.
If, as Littlefield-Alger now seems to say, it was. the one who made the application on behalf of the Baldwin Fire District — although the documents fail to show this — it cannot complain that notice was given directly to its principal, Baldwin Fire District, since notice to the principal is notice to the agent.
The last ground for dismissal of the petition is the failure to show that the county was required by law to issue the permit. It does not show that the county was so arbitrary or unreasonable in its refusal as to exceed its discretion or that any State or local law required the county to permit the installation of a fire pre-emption system at that intersection or any other county road. In short, a mandamus may be issued only where the circumstances leave no possible scope for the reasonable exercise of the respondent’s discretion and the petitioner establishes a clear legal right to the relief sought. Mandamus may be used only to enforce an administrative act positively required to be done by a provision of law (OPLB, § 7803, subd. 1; Matter of Pruzan v. Valentine, 282 N. Y. 498, 501; Matter of Walsh v. La Guardia, 269 N. Y. 437, 441). The petition is dismissed.