**W. R. RHODES, Appellant,**

v.

**Nat I. SHAPIRO et al., Appellees.**

**No. 5228.**

Court of Civil Appeals of Texas,
Waco.

Feb. 15, 1973.

Cody D. Greer, Robert V. Shattuck, Jr., Galveston, for appellant.

McLeod, Alexander, Powel & Apffel, Inc. (Ervin A. Apffel, Jr.) (Robert A. Parmelee) Galveston, for appellees.

VIC HALL, Justice.

■ The question we must decide in this case is whether the Planning Commission of the City of Galveston, Texas, has authority to require that a building permit of that City be conditionally issued to prevent the builders of an apartment complex from financing the project with a loan insured by the Federal Housing Administration. The trial court held that it does not.

Appellees desire to build a 154-unit apartment complex in the City of Galveston. They made application for a building permit with appellant, who is the City's Building Official. Allegedly acting under instructions from the City's Planning Commission, appellant issued the building permit subject to the condition that the apartment project "not be a Federally subsidized project." Appellees brought this action for a writ of mandamus to require appellant to issue the building permit without the condition. Appellant answered that "he was, and is, wholly without authority to issue any building permit transcending conditions and limitations placed upon construction by the Planning Commission."

In the trial court, the parties stipulated that "the only issue before the Court is an interpretation of the Zoning Ordinance of the City of Galveston and whether or not the City Planning Commission can authorize the issuance of a building permit conditioned that the construction not be subsidized by Federal Housing Authority financing."

The City of Galveston is a home rule city. It has adopted a comprehensive zoning ordinance. This ordinance places portions of the City in "Planned Development Districts." The tract upon which appellees would construct their apartments is located

in a planned development district. The zoning ordinance and the planned development districts may, from time to time, be amended, and altered or adjusted, only by action of the City Council.

Section 25—11 of the zoning ordinance provides in part as follows:

"(d) When placing any area within the Planned Development District in accordance with this section, the City Council shall require a general land use plan of the development. Such general land use plan [if approved by the City Council] shall be filed as part of this ordinance * * *.

"(e) Prior to issuance of any building permit in a Planned Development District, a comprehensive site plan for the Section proposed for immediate development in accordance with the general land plan shall be submitted to the Planning Commission for approval. Such required site plan shall set forth the requirements for ingress and egress to the property, public or private streets or drives, with adequate right-of-way to conform to the Thoroughfare Plan of the City of Galveston, sidewalks, utilities, drainage, parking space, height of building, maximum lot coverage, yards and open spaces, screening walls or fences and other development and protective requirements considered necessary to create a reasonable transition and protection of the adjacent property. Upon approval of said site plan by the Planning Commission, the Building Official shall be authorized to issue a building permit."

Appellees complied with the provisions of paragraph (d) of Section 25—11 of the zoning ordinance, and their general land use plan was approved by the City Council. They then submitted a comprehensive site plan for their project to the Planning Commission for approval. At the public hearing thereon, held on March 7, 1972, it was made known that appellees' apartment complex would be an "FHA–236 Project,"

meaning that appellees intended to finance the construction of their apartments with a loan insured by the Federal Housing Administration of the U. S. Department of Housing and Urban Development, under the provisions and regulations of Section 236 of the National Housing Act. Evidence was adduced at the meeting that, because of certain regulations (which we shall not detail) attached to an "FHA–236 Project" by the Federal Government, if appellees apartment project is so financed it will adversely affect real estate values in the vicinity of the project. A motion to reject appellees' proposal failed. A motion to postpone the matter to the next meeting of the Commission carried.

At its meeting on April 4, 1972, the members of the Planning Commission found that appellees' project "does meet the physical requirements of a site plan as such," and voted unanimously to approve the project "subject to the normal approval of the mechanics of getting a building permit and the further condition that it not be a Federally Subsidized project." This action by the Planning Commission was reaffirmed at its meeting on May 2, 1972. The record shows without question that the Planning Commission intended by the conditional approval of appellees' comprehensive site plan that the condition should attach to the building permit issued to appellees and thereby prevent the financing of their project with an FHA–236 insured loan.

Appellees have arranged a loan from a mortgage and investment company to finance their project. They have secured a commitment from the Federal Housing Administration that it will insure the loan "under the provisions of Section 236 of the National Housing Act, and the Regulations thereunder now in effect," in the amount of $1,873,000. Appellant has refused to grant appellees a building permit without the "federal subsidy" proviso required by the Planning Commission.

Appellees' application for writ of mandamus was heard by the trial court without a

jury. The court concluded, inter alia, that the Planning Commission was without authority under the City's zoning laws to direct appellant to attach the questioned condition to the building permit issued to appellees. The court then ordered that the writ issue commanding appellant to issue the building permit to appellees without the condition attached.

Appellant challenges the court's ruling in several points of error.

The record contains the charter and zoning laws of the City. We find nothing therein which authorizes the Planning Commission to instruct the Building Official to issue a conditional building permit or to otherwise direct that Official in his function of issuing building permits. The only matter we find relating to the question is paragraph (e) of Section 25—11 of the zoning ordinance, supra. In our opinion that ordinance charges the Planning Commission with the single duty of deciding whether or not a project proposed for immediate development in a Planned Development District meets the physical requirements set forth in the ordinance. If the Commission decides that it does, and approves the comprehensive site plan for the project, then *the ordinance* authorizes the issuance of a building permit by the Building Official. No discretion is vested in the Planning Commission regarding the issuance—or the condition of issuance—of a building permit.

We hold, therefore, that the Planning Commission was without authority to condition the issuance of the building permit to appellees, and that the trial court properly ordered appellant to issue the permit without the questioned condition as a part thereof. In view of this holding we need not decide whether other conclusions, all challenged by appellant, upon which the court based its order are correct.

▇ Appellant says that, in any event, mandamus is improper in this case because it results "in directing the course of a dis-

cretionary act on the part of appellant." We disagree. In issuing building permits under the ordinance in question, appellant is purely an administrative agent, and he may not exercise an independent discretion that will violate the terms of the zoning ordinance. Where, as here, the applicant complies with all existing requirements, the issuance of a building permit by appellant becomes a mere ministerial duty. See 1 Yokley, Municipal Corporations 163–164, Sec. 163 (1956).

The judgment is affirmed.