**317 A.2d 455.**

JOSEPH E. MARRAN, JR. *vs.* WEST WARWICK SCHOOL COMMITTEE *et al.*

APRIL 5, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This civil action for a writ of mandamus was instituted as a class action to compel the School Committee

of the Town of West Warwick to meet its alleged statutory obligation[1] to provide the plaintiff's children and those of other taxpayers similarly situated with suitable transportation to and from the high school they attend. That school was established in the neighboring city of Warwick by the Catholic Diocese of Providence in order to serve Catholic families residing in the southern part of the state including the town of West Warwick. The case was heard in the Superior Court without a jury and was dismissed pursuant to Super. R. Civ. P. 41(b)(2) after the plaintiff had completed the presentation of his evidence. The ground for dismissal was that the plaintiff had not first resorted to the administrative procedures which were available for obtaining the relief he desired. The case is now here on the plaintiff's appeal.

Initially, plaintiff contends that in matters arising under the law relating to schools or education,[2] the Legislature has provided that an aggrieved person is entitled to seek either administrative or judicial relief, and that, therefore, he should be permitted to invoke mandamus to compel the school committee to perform its alleged duty even though he has not exhausted the prescribed administrative remedy.

---

[1]The plaintiff asserts that this obligation is imposed by G. L. 1956 (1969 Reenactment) §§16-21-1, and 16-21-2, as amended by P. L. 1971, ch. 270, sec. 1. Those sections are substantially different from their precursors, which we construed in *Chaves* v. *School Comm.,* 100 R. I. 140, 211 A.2d 639 (1965), as imposing no duty upon the Middletown School Committee to provide public transportation for pupils attending a school beyond the town's geographical limits.

[2]Any person aggrieved by a decision of a school committee may seek review administratively by appealing first to the commissioner of education and then to the board of regents [G. L. 1956 (1969 Reenactment) §§16-39-2, 16-39-3; §§16-49-1, 16-49-4(9), 16-49-16, as enacted by P. L. 1973, ch. 249, sec. 1, and see P. L. 1969, ch. 231, sec. 3] or judicially by resorting to any other legal remedy [§16-39-5]. We cite presently effective statutes, which in substance are identical to those in existence at the time of these proceedings.

That contention, while perhaps correct in a narrow sense, *Demers* v. *Shehab,* 101 R. I. 417, 224 A.2d 380 (1966), *cert. denied,* 386 U. S. 966, 87 S.Ct. 1047, 18 L.Ed.2d 116 (1967), fails to recognize that one who seeks judicial rather than administrative relief is bound by the established law which controls the employment of the particular judicial remedy selected. *Izzi* v. *Warwick School Comm.,* 82 R. I. 76, 81, 105 A.2d 818, 821 (1954).

Thus, plaintiff in this case is subject to the principles which control the employment of the writ of mandamus, one of which is that the writ will not lie if another adequate and plain remedy is available for obtaining the same relief.[3] *Warren Educ. Ass'n* v. *Lapan,* 103 R. I. 163, 235 A.2d 866 (1967). The administrative review available to plaintiff in this case is such a remedy. *Izzi* v. *Warwick School Comm., supra.*

The plaintiff contends, however, that for him to appeal to the commissioner of education would be futile because of the certainty of an adverse decision.[4] A futile remedy, he says, is inadequate and resort to it should not be insisted upon as a precondition to an application for mandamus. There may be support for that position, *Gibson* v. *Berryhill,* 411 U. S. 564, 575 n.14, 93 S.Ct. 1689, 1696 n.14, 36 L.Ed.2d

---

[3] The trial justice might have elected to treat the complaint as one seeking equitable relief. *Demers* v. *Adamson,* 102 R. I. 453, 456, 231 A.2d 484, 486 (1967); 1 Kent, *R. I. Civ. Prac.* §81.6 at 555 (1969). To have made that election, however, would not have altered the situation, inasmuch as equity will not intervene to assist a party who has a complete and adequate remedy at law. *McKittrick* v. *Bates,* 47 R. I. 240, 244, 132 A. 610, 612 (1926).

[4] Among the reasons given by the committee for rejecting plaintiff's request for public transportation for his children were the following:

"2.) The written directive of the R. I. Commissioner of Education entitled 'Transportation of School Pupils,' and issued on July 29, 1971;

"3.) The decision on October 15, 1971 of the Commissioner of Education in Re: Mallin vs. The School Committee of the City of Cranston."

488, 498 n.14 (1973). However, "futility" of a remedy as a reason for deeming it inadequate is unavailable unless an adverse decision be certain at all levels of the prescribed administrative review. While plaintiff assumes that the commissioner will rule against him, he does not even hint that the board of regents will follow suit. His contention that his administrative remedy is inadequate because futile must therefore be rejected.

Our rationale for rejecting plaintiff's appeal does not mean that there are no other grounds upon which it might founder.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Joseph E. Marran, Jr.,* plaintiff, *pro se.*

*John S. Brunero,* Town Solicitor, for defendants.