[No. 2384-1.    Division One.    April 14, 1975.]

S. P. Putnam, *Appellant*, v. William L. Carroll *et al*, *Respondents*.

*Kafer, Wilson & Good* and *Randall L. St. Mary*, for appellant.

*Slade Gorton, Attorney General*, and *Chares B. Roe, Jr.*, and *Robert Jensen, Assistants*; *Robert E. Schillberg, Prosecuting Attorney*, and *Richard S. Lowry, Deputy*, for respondents.

Farris, J.—S. P. Putnam appeals from the trial court's refusal to issue a writ of mandamus compelling the director of the Snohomish County Building Department and the County of Snohomish, a municipal corporation, to issue the

permits necessary for the completion of a planned development on his property.

In May of 1972, Putnam acquired by purchase land included in the plat of Silver Lake which had been filed in 1912. Shortly after purchase, Putnam applied for the issuance of a grading permit in furtherance of a plan to bulldoze a mound on his property and to construct a rock retainer wall at the water's edge. The application was denied because Putnam had not complied with the provisions of the Shoreline Management Act of 1971. A shoreline management permit was denied on September 11, 1972, by the County Board of Commissioners following a Snohomish County Planning Commission hearing.

In February 1973, Putnam again applied for the issuance of clearing and grading permits. The applications were denied because Putnam had not obtained the shoreline management permit as allegedly required. A writ of mandamus was sought and denied in the Superior Court. This appeal followed.

The appeal questions (1) whether Putnam is exempt from the provisions of the Shoreline Management Act of 1971, and (2) if he is, whether issuance of the permits constitutes a ministerial as opposed to a discretionary act.

The pertinent exemption provision is RCW 90.58.140 (9)(b)-(e):

(9) No permit shall be required for any development on shorelines of the state included within a preliminary or final plat approved by the applicable state agency or local government prior to April 1, 1971, if:

(a) . . .

(b) Sales of lots to purchasers with reference to the plat, or substantial development incident to platting or required by the plat, occurred prior to April 1, 1971, and

(c) The development to be made without a permit meets all requirements of the applicable state agency or local government, other than requirements imposed pursuant to this chapter, and

(d) The development does not involve construction of buildings, or involves construction on wetlands of buildings to serve only as community social or recreational

facilities for the use of owners of platted lots and the buildings do not exceed a height of thirty-five feet above average grade level, and

(e) The development is completed within two years after the effective date of this chapter.

Argument on appeal has focused primarily on subsection (b).

Subsequent to Putnam's petition, the Shorelines Hearings Board interpreted subsections (b) and (e) of the statute in *In re Vincenzi*, Wn. Envir. Rptr. (SHB No. 57, Feb. 4, 1974). There, upon similar facts, the Shorelines Hearings Board ruled that Vincenzi was exempt from the Shoreline Management Act of 1971. With reference to subsection (b) of the exemption statute, the board held that:

> The plat exemption is not limited to developments which are described by or appear upon the face of the plat. Rather, the exemption runs to any development so long as it occurs within the physical boundaries of a plat and meets the conditions of RCW 90.58.140(9)(b) and (c) and (d) and (e). The legislative purpose in granting the exemption can be gathered from the *Senate Journal, 1971, Ex. 1971*. That purpose was and is to provide an exemption for *any development* so long as the development occurs within the confines of platted property, and is completed within two years. It simply provides any purchaser of any lot in any ancient plat an opportunity to develop and construct on his property such improvements as he may desire without any permit under the Shoreline Management Act, but only if the development is completed within two years from June 1, 1973 [*sic*].

*In re Vincenzi*, Wn. Envir. Rptr. (SHB No. 57, Feb. 4, 1974), Conclusion of law No. 6.

We adopt the holding of the board. Putnam, therefore, is not required to present proof that "the plat map [or] the accompanying narrative" indicate that the plattor in any way required or contemplated the proposed development, as argued by the Department of Ecology. His plat qualifies for an exemption. However, before the writ of mandamus issues, a factual finding is required on the issue of whether

the contemplated development is consistent with the policy of the act: RCW 90.58.140(1) provides:

No development shall be undertaken on the shorelines of the state except those which are consistent with the policy of this chapter and, after adoption or approval, as appropriate, the applicable guidelines, regulations or master program.

Exemption from the effect of the Shoreline Management Act of 1971 under RCW 90.58.140(9)(b)-(e) applies only to permit requirements of the act by its terms; so limited, it does not extend to the policy provision in RCW 90.58.140(1). Further, Snohomish County ordinance 21.12.025, applicable here because the permits sought are permits required by Snohomish County, provides:

*Requirements for exempted developments.* Any development or substantial development exempted from obtaining a shoreline development permit by Section 21.12.010 or Section 21.12.020 shall be required to be consistent with the policy and intent of the Shoreline Management Act of 1971 and of this title, and with any master program adopted pursuant thereto.

*See also In re Isaak,* Wn. Envir. Rptr. (SHB No. 19, Mar. 4, 1974), wherein the denial of a substantial development permit was upheld because the development was found to be inconsistent with the policy section of the Shoreline Management Act of 1971 although it was also found that the development was exempt under RCW 90.58.140(9)(a).

■ The Department of Ecology argues that Putnam failed to exhaust his administrative remedies as required by RCW 90.58.180 and therefore the doctrines of collateral estoppel and res judicata defeat his appeal in any event. We disagree. RCW 90.58.180(1) provides for appeals by "[a]ny person aggrieved by the granting or denying of a permit on shorelines of the state, or rescinding a permit . . ." If the appeal of one who seeks to establish exemption from permit requirements is upheld, no permit is necessary since the statute is therefore not applicable. Putnam is not "aggrieved by the *granting* or *denying* of a permit," (Italics ours.), but rather by the *denial of an*

*exemption* from permit requirements, a situation which was apparently not contemplated by the statute.

It is also argued that a writ of mandamus must be denied because the issuance of the requested permits has become a discretionary function due to environmental protection laws. Whether the issuance of the permits is discretionary or ministerial turns upon whether the project conforms to all "pertinent laws and ordinances." Uniform Building Code § 302 (a) as incorporated into the Snohomish County Code, ch. 17, *et seq.*

We therefore reverse and remand for a factual determination of whether the contemplated development is consistent with the policy of the act. If, as it appears, the contemplated development is consistent, the permit must issue.

Reversed and remanded.

JAMES and SWANSON, JJ., concur.