[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court from an appeal from a November 29, 1989 decision of the City of East Providence Zoning Board of Review ("Board") which reversed the issuance of a building permit. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20. The pertinent facts and travel of the case follow.
Dennis Wade ("Appellant") is the owner of real property in East Providence designated as Lot 2 on Map 811, Block 3 (the "parcel"). The parcel of 27,989 square feet of land is located in a Residential 2 District. The area requirements for a lot in this type of residential zone include a minimum area of 10,000 (ten thousand) square feet, a width of 100 (one hundred) feet, and a depth of 100 (one hundred) feet. East Providence Revised Ordinances Sec. 19-145. The appellant had constructed a single family dwelling, garage and pool on a portion of the parcel and wanted to divide it in order to construct an additional single family dwelling on the other portion of the parcel. Because this portion measured only 80 feet at midpoint, he originally sought relief for the width regulation. After a hearing, the Board denied appellant's request.
Subsequently, appellant revised his proposed division of the parcel. He added a one-by-twenty-foot strip of land to the portion of the parcel on which he proposed to build the additional single family dwelling. This new plan was submitted to the building inspector who in turn presented it to the engineering department, planning department and law department for review. (Tr. 7) Finding that the revised, proposed division complied with the zoning ordinance, the building inspector issued a building permit on September 29, 1987.
Thereafter, John and Elaine Gauthier, neighbors of the appellant, appealed the decision of the building inspector to the Board pursuant to R.I.G.L. § 45-24-16 which provides:
 Appeals to the board of review may be taken by any person aggrieved . . . by any decision of the administrative officer.
After a public hearing, the Board unanimously voted to reverse the zoning officer's decision to grant the appellant a permit to construct the additional dwelling. The Board characterized appellant's submission of revised plans as an attempt to "subvert our zoning laws." (Tr. 67) The Board member who set forth the reasons for the reversal stated that in his opinion the "building permit [violated] a number of zoning ordinances . . . specifically 19-145 . . . 19-138 . . . 19-134 . . . 24-25-2 . . . 19-4 . . . 45-24-3 and 19-3 . . ." (Tr. 67-68).
The minimum area requirements for appellant's proposed division are an area of 10,000 square feet, width and depth of 100 feet, 25 feet for both front and rear yards, and 20 feet for side yards. East Providence Revised Ordinances. A review of the appellant's proposal and the testimony of the zoning officer reveals that appellant's plan was in total compliance with the applicable ordinances. The zoning officer issued a permit because the revised plan in no way violated any ordinance. When an application for a building permit conforms to all of the conditions imposed by the applicable law, the duty of the local building inspector to issue the requested permit is merely ministerial. Wood v. Lussier, 416 A.2d 690, at 694. (R.I. 1980). It is clear from the transcript that the zoning officer correctly interpreted and applied the pertinent ordinances in issuing the building permit. Because appellant's plan conformed to the zoning scheme, any decision to the contrary would have been improper. It appears that because this appellant submitted a second proposal after his first non-compliant proposal was rejected, the Board perceived the second plan as a "trick" or "gimmick". (Tr. 67) The fact is that the second plan is in complete compliance with the East Providence Revised Ordinances. The zoning officer's assessment of this plan was correct, as was his decision to issue the permit. There is simply no competent evidence in the record to support the Board's decision to overturn the issuance of appellant's permit.
For the above-stated reasons, this Court rules that the Board's decision is erroneous. The appeal is sustained and the zoning officer is directed to issue a building permit to appellant.