[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case comes before the court on Plaintiff, David Piccoli's petition for a writ of mandamus to compel the Defendants, members of the Jamestown, Rhode Island Board of Water and Sewer Commissioners ("Board") to extend part of the municipal water system to his property. An agreed upon statement of facts was submitted to the Court along with the parties' briefs which set forth their respective arguments.
The Plaintiff's property is identified as Lot 70 on Jamestown Tax Assessor's Plat 7, and is located in what is known as the "rural water district" in Jamestown. On or about January 10, 1991, the Plaintiff sought permission from the Board to have the town water system extended to and tied into his property. The Plaintiff's need for municipal water apparent stems from the fact that his lot is not large enough to safely accommodate a septic system along with a water well. On January 22, 1991, a hearing was held by the Board in regard to Plaintiff's application for an extension of the existing water line at which time the Board voted to deny the application.
The Plaintiff now contends that the Board denied his application without giving any explanation or specific reasons for the denial thereof. He also argues that General Laws 1956 (1990 Reenactment) § 39-2-1 mandates that "every public utility is required to furnish safe, reasonable and adequate services and facilities."
The Plaintiff unquestionably has a right to seek judicial review of the Board's decision in this instance, however, for the reasons which follow, relief in the form of mandamus is improper. In the first place, an extraordinary writ of mandamus is an inappropriate form of relief because the Board's decision with respect to either the grant or denial of a request for an extension of the water line is discretionary in nature. Furthermore, an allegation of an abuse of discretion by the Board in denying Plaintiff's application would involve a review of the Board's actions, which is not a function of a mandamus proceeding.
The law in Rhode Island regarding the prerequisites to the issuance of a writ of mandamus is clear. Mandamus shall issue "only where the petitioners have a clear right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse . . ." The Bionomic Church of Rhode Island v.Gerardi, 414 A.2d 474, 475-76 (R.I. 1980). In other words, a writ of mandamus will only issue to compel a ministerial act, and is not an appropriate means by which to compel an act that is discretionary in nature. To this end, Public Laws 1972, Chapter 108 provides that the Town of Jamestown "may construct, operate, maintain, extend and improve a waterworks system for the town and to provide an adequate supply of water for the town or any part thereof." Pursuant to Public Laws 1973, Chapter 233, the Town of Jamestown is also authorized to "plan, construct, operate, maintain, extend and improve a sewage disposal system for the town or any part or parts thereof". Because of the permissive nature of the language contained in these sections, the Board is thereby entitled to exercise discretion in determining whether to extend the municipal water service in specific instances. As a result, a mandamus proceeding to compel the Board to grant an extension to the Plaintiff is improper as a matter of law.[1]
The Plaintiff relies on both Gerardi and Wood v. Lussier,416 A.2d 690 (R.I. 1980) in contending that he has a legal right to have municipal water service tied into his property. Citing toGerardi, the Plaintiff concedes that the Rhode Island Supreme Court has held that the issuance of a Writ of Mandamus is discretionary, and that the Respondents must have a duty to perform a purely ministerial act without the exercise of discretion on their part. However the Plaintiff essentially argues that the case at bar is factually similar to Wood v.Lussier, and that the Board therefore has no discretion in deciding whether to grant an extension of the town water lines.
Lussier is distinguishable from the instant case by virtue of the court's finding in that case that the issuance of a building permit is a ministerial duty in some instances. The court stated that "when an application for a building permit conforms to all of the conditions imposed by the applicable law, the duty of the local building inspector to issue the requested permit is merely ministerial. ." Lussier, 416 A.2d at 694. However, if in the exercise of the discretion vested in him, the building inspector determines that an application does not meet all of the requirements imposed by the building ordinance then mandamus would not lie to compel him to issue the permit. Id.
(citing Littlefield-Alger Signal Co. v. County of Nassau,40 Misc.2d 948, 950 244 N.Y.S.2d 579, 582 (1963)).
In the case presently before the court, the Board had discretion in deciding whether to grant the plaintiff's request for an extension of the water line. Therefore, since the Board's actions were discretionary and not ministerial, a mandamus proceeding is not the appropriate remedy.
[1] G.L. 1956 (1990 Reenactment) § 39-2-1 applies to the adequacy of the service and the reasonableness of the rates which a utility charges once the service is in place. § 39-2-1 is not applicable to the situation where a municipal board has to decide whether to extend an existing public utility.